## O'CONOR *v.* TEXAS.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 236. Argued April 19, 1906.—Decided May 28, 1906.

As subsection 1 of section 639, Rev. Stat., was repealed by the act of March 3, 1875, 18 Stat. 470, and, as the purpose of the act of March 3, 1887, 24 Stat. 556, as corrected by the act of August 13, 1888, 25 Stat. 433, was to limit the jurisdiction of the Circuit Courts, a petition for removal of an action brought by a State in its own courts against an alien was properly denied.

In an action to recover real estate, part of a grant from a former sovereign, defenses based on adverse possession, estoppel, construction of state statutes, and the effect of judgments of the state court in other actions, neither the validity nor the construction of any treaty of the United States or the validity of the grant being challenged, do not present Federal questions which give this court jurisdiction to review the judgment on writ of error.

THE facts are stated in the opinion.

*Mr. H. G. Dickinson* for plaintiff in error:

This court has jurisdiction to review the judgment in this case on writ of error because the plaintiff in error claimed the land in controversy under a grant from the government of Spain to Joaquin Galan, made in 1767, or about that time and prior to the year 1804, the grant covering such land and being made at such time as to be within the protection guaranteed by the treaty of Guadalupe Hidalgo; and plaintiff in error connected his title with said grant by a regular chain of title, and none of the state courts which had this case under consideration found that plaintiff in error did not connect his title with said grant.

There was drawn in question a title claimed by plaintiff in error under a treaty of the United States and also under two statutes of the United States, one for annexing Texas to

the United States, approved March 1, 1845, and the other for the admission of the State of Texas into the Union, approved December 29, 1845.

If this case is one in which there was drawn in question a title claimed under a treaty or the statutes of the United States, then the judgment of the Supreme Court of Texas is reviewable by this court. *Owings* v. *Norwood's Lessee*, 5 Cranch, 347; *Smith* v. *Maryland*, 6 Cranch, 286; *Martin* v. *Hunter*, 1 Wheat. 359; *Henderson* v. *Tennessee*, 10 How. 311.

An action at law brought in her own court by one of the States of the United States as plaintiff, against a non-resident alien, as defendant, is removable to the Circuit Court of the United States. Constitution of the United States, art. III, § 2; Judiciary Act of 1789; Judiciary Act of 1875; Judiciary Act of 1887, 1888; Revised Statutes of the United States, § 639; *Texas* v. *Lewis*, 14 Fed. Rep. 65; *S. C.*, 12 Fed. Rep. 1.

The act of the legislature under which this suit was brought shows that this is a suit arising under the laws of the United States and the treaty of Guadalupe Hidalgo; and being such a suit the petition of plaintiff in error for removal to the Circuit Court of the United States should have been granted. *Chadman* v. *Goodnow*, 123 U. S. 540; *Lytle* v. *Arkansas*, 22 How. 193; *Marlin* v. *Hunter*, 1 Wheat. 304; *Cohens* v. *Virginia*, 6 Wheat. 264; *Hickie* v. *Starke*, 1 Pet. 94; *Covington & L. Co.* v. *Landford*, 164 U. S. 578; *Louisville & N. R. Co.* v. *Louisville*, 166 U. S. 709; *F. G. Oxley Stave Co.* v. *Butler Co.*, 166 U. S. 648.

The jurisdiction of a state court in so far as it is fixed by the constitution of the State is not subject to the regulation or control of the legislature. *Ex parte Towles*, 48 Texas, 414; *Ex parte Whitelaw*, 59 Texas, 273.

The judgment of the District Court of Webb County of March 13, 1872, in the cause entitled *Ruggles* v. *State of Texas,* is a valid judgment or at least an irregular and voidable judgment and the State of Texas is bound by it and cannot im-

peach it in this collateral proceeding. Gammel's Laws of Texas, vol. 4, p. 1471 and vol. 5, p. 568; *Kenedy* v. *Jarvis* 1 ·S. W. Rep. 191; *Buchanan* v. *Bilger*, 64 Texas, 589; *Johnson* v. *Loop*, 2 Texas, 331; *Stephens* v. *Stephens*, 62 Texas, 337; *Murchison* v. *White*, 54 Texas, 78; 1 Freeman on Judgments, §§ 96, 97, 100, 101; Black on Interpretation of Laws, 99, 100, 104, 212.

By the act of the legislature approved April 4, 1881, the State recognized the validity of the judgment in *Ruggles* v. *Texas*, and the act ratified and confirmed the judgment and operates as a grant from the State of the land in controversy to plaintiff in error or to those under whom he claims and further operates to estop the State from now claiming the land. *Turner* v. *Rogers*, 38 Texas, 582; *Sanders* v. *Hart*, 57 Texas, 8; *May* v. *Ramsay*, 46 Texas, 371; *Alexander* v. *State*, 56 Georgia, 486; *Enfield* v. *Permit*, 5· N. H.· 285; *Heirs of Andre* v. *Billou*, 3 Pick. 224. ·

The judgment in *Ruggles* v. *Texas* was introduced in evidence and relied upon by both parties to this suit; the court in that case having jurisdiction of the parties and the subject matter, the recital of the judgment of any fact essential to the rendition of the judgment or without the proof of which it could not have been rendered, is conclusive evidence against the parties to the judgment of the existence of such fact. *Tex. Mex. Ry. Co.* v. *Jarvis*, 80 Texas, 457; *Watson* v. *Hopkins*, 27 Texas, 637; *Swearingen* v. *Glenn*, 34 Texas, 243; *Foster* v. *Wells*, 4 Texas, 101; *Lee* v. *Kingsbury*, 13 Texas, 68; *Tadlock* v. *Eccles*, 20 Texas, 783; *Hatch* v. *Garza*, 22 Texas, 176; *Cook* v. *Burnley*, 45 Texas, 97; *Burford* v. *Rosenfield*, 37 Texas, 42; *Fristoe* v. *Blum*, 92 Texas, 76; *State of Texas* v. *Ortiz*, Tex. Sup. of Feb. 12, 1906.

The adverse and uninterrupted possession of plaintiff in error and those under whom he claims for such a great period of time, of the land in dispute, under claim of right and title, derived from the Spanish government and recognized by the Mexican government and Republic of Texas, raises a presump-

tion of a grant; and the title of plaintiff in error is, consequently, such a title as is and ought to be protected by the courts of the United States under the terms of the treaty of Guadalupe Hidalgo. *Smith* v. *State of Maryland*, 6 Cranch, 286; *United States* v. *Chavez*, 159 U. S.. 452; *Tex. Mex. Ry. Co.* v. *Locke*, 74 Texas, 370; *Haynes* v. *State of Texas*, 11 Tex. Ct. Rep. 885; *State* v. *Russell*, 11 Tex. Ct. Rep. 435; *Strother* v. *Lucas*, 12 Pet. 435; *Ortiz* v. *State of Texas*, 12 Tex. Ct. Rep. 476; *The State* v. *Ortiz*, 14 Tex. Ct. Rep. 883; *Baldwin* v. *Goldfrank*, 88 Texas, 257; *Martin* v. *Hunter's Lessee*, 1 Wheat. 304.

*Mr. Charles K. Bell, Mr. Robert V. Davidson*, Attorney General of the State of Texas, and *Mr. William E. Hawkins*, for defendant in error, submitted:

In a suit in a District Court of the State of Texas for land lying within that State, wherein the State is plaintiff and the defendant is an alien and a subject of the United Kingdom of Great Britain and Ireland and a resident of the State of Tamaulipas, Mexico, the defendant is not entitled to have the case removed to the United States Circuit Court. *Postal Telegraph Cable Co.* v. *Alabama*, 155 U. S. 482; *Texas* v. *O'Conor*, 96 Texas, 492; *Garland & Ralston*, Fed. Prac. § 156.

Although the defendant, by plea, claimed to be the owner of the land in controversy, which was embraced in a "grant emanating, or claimed to have emanated from the Spanish government, and having its origin at such a time as to be, and being within the protection guaranteed by the treaty of Guadalupe Hidalgo," his case involves no Federal question, the state courts having found the fact to be that defendant. did not connect his title with such grant, the validity of the treaty of Guadalupe Hidalgo was not "drawn in question."

The question as to the effect to be given to the judgment in *Ruggles* v. *Texas*, and as to which of the recitals, and as to how far such recitals in said judgment are binding upon the State of Texas upon the issue of "outstanding title," are local or general questions, and the judgment of the Supreme Court

of Texas thereon will not be reviewed by this court, no Federal question being involved. *Thayer* v. *Spratt,* 189 U. S. 346, and cases cited; *Clipper Min. Co.* v. *Eli Min. & Land Co.,* 194 U. S. 220, and cases cited; *Semple* v. *Hagar,* 4 Wall. 431; *Mining Co.* v. *Boggs,* 3 Wall. 309; *Telluride Power Transmission Co.* v. *Rio Grande Western R. Co.,* 187 U. S. 569; *Jacks* v. *Helena,* 115 U. S. 288; *East Tennessee, V. & G. R. Co.* v. *Frazier,* 139 U. S. 288; *White* v. *Leovy,* 174 U. S. 91; *Minder* v. *Georgia,* 183 U. S. 559; *McKinney* v. *Carroll,* 12 Pet. 66; *Maxwell* v. *Newbold,* 18 How. 51; *Crowell* v. *Randell,* 10 Pet. 368.

Whether the District Court of Travis County, or the District Court of the county in which the land in controversy is situated, alone, had authority to try and determine the question of title to said land, is a local or state question upon which the decision of the courts of the State of Texas are final, and not subject to review in this court, no Federal question being involved. *Bacon* v. *Texas,* 163 U. S. 219; *Avery* v. *Popper,* 179 U. S. 315; *Telluride Power Transmission Co.* v. *Rio Grande Western R. Co.,* 187 U. S. 569; *White* v. *Leovy,* 174 U. S. 91.

The state courts having found and held that the judgment of March 13, 1872, in the case of *Ruggles* v. *State of Texas,* under which defendant claims the land in controversy, was void, said judgment cannot be held to have vested in him, or in the plaintiff Ruggles under whom he claims, any right to said land, and hence the judgment of the Supreme Court of Texas in favor of the State of Texas did not divest defendant of any vested right or title, nor deprive him of his property without due process of law, nor take his private property for public use without just compensation, in violation of the Fifth Amendment to the Constitution of the United States. The judgment of the state court upon the question having been a question of local or general law, involving no Federal question, will not be reviewed by this court. *White* v. *Leovy,* 174 U. S. 91; *California* v. *Holladay,* 159 U. S. 415; *Telluride Power Transmission Co.* v. *Rio Grande Western R. Co.,* 187

U. S. 569; *Lynde* v. *Lynde*, 181 U. S. 183; *Gulf & Ship Island R. Co.* v. *Hewes*, 183 U. S. 67; *Bacon* v. *Texas*, 163 U. S. 219; *Quinby* v. *Boyd*, 128 U. S. 489; *Merced Min. Co.* v. *Boggs*, 3 Wall. 310; *Eastern B. & L. Assn.* v. *Ebaugh*, 185 U. S. 114; Taylor on Jurisdiction and Procedure of the U. S. Supreme Court, § 249, and cases cited.

The question as to the effect to be given to the judgment of January 8, 1862, in the case of *Ruggles* v. *State of Texas*, and as to which of the recitals, and as to how far such recitals in said judgment are binding upon the State of Texas upon the issue of "outstanding title," are local or state questions, and the judgment of the Supreme Court of Texas thereon will not be reviewed by this court, no Federal question being involved. *San Francisco* v. *Itsell*, 133 U. S. 65, and authorities cited *supra*.

Whether a grant should be presumed is, primarily, a question of fact for a jury, or, in the absence of a jury, for the trial court. The trial court having found against the defendant upon that issue and its judgment having been affirmed by the Supreme Court of Texas the question is not open for review by this court. Under the facts and circumstances of the case no grant should be presumed in favor of defendant. *Crespin* v. *United States*, 168 U. S. 218; *Chavez* v. *United States*, 175 U. S. 563; *Hays* v. *United States*, 175 U. S. 148; *Paschal* v. *Daingerfield*, 37 Texas, 305; 2 White's Recopilacion, 562.

MR. JUSTICE BREWER delivered the opinion of the court.

On July 5, 1901, the State of Texas, under the authority of an act of its legislature, filed its petition in the District Court of Travis County against Thomas O'Conor, to recover possession of a tract of over nineteen thousand acres, situated in Webb County.

The defendant appeared and filed a petition for removal to the Circuit Court of the United States, on the ground that he was an alien domiciled in the Republic of Mexico. The re-

moval was claimed under subsection 1 of section 639, Revised Statutes, but, as said by Mr. Chief Justice Waite, delivering the opinion of the court, in *Baltimore & Ohio Railroad Company* v. *Bates,* 119 U. S. 464, 467: "Subsections 1 and 2 of section 639 were repealed by the act of 1875; *Hyde* v. *Ruble,* 104 U. S. 407; *King* v. *Cornell,* 106 U. S. 395, 398; *Holland* v. *Chambers,* 110 U. S. 59; *Ayres* v. *Watson,* 113 U. S. 594."

Further, in *Fisk* v. *Henarie,* 142 U. S. 459, 466, it was held that the purpose of the act of March 3, 1887, 24 Stat. 552, as corrected by the act of August 13, 1888, 25 Stat. 433, was to restrict the jurisdiction of the Circuit Courts, and it was said (p. 468):

"The repealing clause in the act of 1887 does not specifically refer to these prior acts, but declares that 'all laws and parts of laws in conflict with the provisions of this act be, and the same are hereby repealed.' The provisions relating to the subject matter under consideration are, however, so comprehensive, as well as so variant from those of the former acts, that we think the intention to substitute the one for the other is necessarily to be inferred and must prevail."

See also *Smith* v. *Lyon,* 133 U. S. 315; *Shaw* v. *Quincy Mining Company,* 145 U. S. 444; *Martin* v. *Baltimore & Ohio Railroad,* 151 U. S. 673; *Tennessee* v. *Union &c. Bank,* 152 U. S. 454; *Hanrick* v. *Hanrick,* 153 U. S. 192; *Mexican National Railroad* v. *Davidson,* 157 U. S. 201; *Missouri Pacific Railway* v. *Fitzgerald,* 160 U. S. 556; *Wabash Western Railway* v. *Brow,* 164 U. S. 271.

It is clear from these authorities that the petition for removal, which, as will appear, presented the only definite Federal question, was rightfully denied.

Thereupon the defendant filed an answer containing several defenses; a claim of title under and by virtue of a grant made in the year 1767, by the government of Spain to Joaquin Galan; a decree of the District Court of Webb County on March 13, 1872, in a suit for confirmation of title, wherein Daniel Ruggles, claiming to be the owner of the grant to

Galan, was plaintiff and the State of Texas defendant, prose-
cuted under and by virtue of an act of the legislature of Texas,
approved February 11, 1860; a confirmation of this decree by
an act of the legislature of Texas of April 4, 1881; title by
adverse possession under claim of right and title for a period
of more than ninety-six years; title by estoppel, in that the
State of Texas was estopped by long acquiescence from ques-
tioning the decree of the District Court of Webb County of
March 13, 1872; title under and by virtue of a decree of the
District Court of Webb County, Texas, rendered on Janu-
ary 8, 1862; and a claim of outstanding title in the settlers of
the town of Palafox, or their heirs or assigns, as shown by the
recitals in the last-mentioned decree.

The case was tried by the court without a jury, which ren-
dered a judgment in favor of the State. From this judgment
the defendant prosecuted an appeal to the state Court of Civil
Appeals, which reversed the judgment of the trial court and
ordered a judgment for the defendant. This judgment was
taken to the Supreme Court of the State, which reversed the
judgment of the Court of Civil Appeals, and, sustaining the
decision of the trial court, entered a judgment in favor of the
State.

It is obvious that most of the questions raised by the de-
fenses are of a purely local nature, involving no Federal right.
Some explanation may, however, be proper in reference to the
decrees of the Webb County District Court. The record is
somewhat obscure, but we take the facts to be as stated in the
opinions of the Court of Civil Appeals and the Supreme Court.
Under the law of 1860 Daniel Ruggles instituted two suits in
the District Court of Webb County for confirmation of title
to separate tracts of land, one designated as the Palafox and
the other as the Balconcitas tract. One suit came to trial on
January 8, 1862, and resulted in a decree in favor of Ruggles
and a confirmation of his title to a large tract of land. In
1860 a motion was filed by him seeking a construction and
modification of this decree of January 8, 1862, but it was

overruled. In 1871 the other suit was dismissed for want of jurisdiction. The same year he made a motion to redocket the two cases, which was granted, and at the same time he filed a petition in which he sought to have the decree of 1862 set aside and a confirmation of title of both the tracts, but on March 9, 1872, these motions were refused. On March 12, 1872, he filed in the same court another petition seeking to set aside the decree of January 8, 1862. This motion was sustained. On March 13, 1872, Ruggles filed an amended petition, in which he sought confirmation of title to both tracts, and upon this a decree was the same day entered in favor of Ruggles. The land which was covered by the decree of 1862 was patented to Ruggles and the State has not since questioned the validity of the decree or Ruggles' title. The land in controversy here is located entirely in that portion of the grant which the court in its decree of 1862, declined to confirm in favor of Ruggles, but is included in that which purports to have been confirmed by the decree of March 13, 1872. The suits originally brought by Ruggles were authorized by special statute, to wit, the act of the legislature passed February 11, 1860. That act expired by its own limitations in 1865, and, as the Supreme Court of the State held, the District Court had thereafter no power to set aside the decree of January 8, 1862, or to enter the decree of March 13, 1872. The construction of the state statute and the power which it gave to the District Court of Webb County, and the length of time for the exercise of that power, are matters arising under state law, and the decision of the Supreme Court of the State is conclusive upon us and presents no question arising under the Federal Constitution. So the alleged confirmation of the decree of March 13, 1872, by an act of the legislature of 1881, is also a question arising in the construction of a state statute. The Supreme Court held that it applied only to those decrees which were rendered while the Webb County District Court had authority under the special statute, and did not apply to those which that court assumed to render thereafter.

So far as any defense is based upon the grant made by the government of Spain in the year 1767, it involves no question of a Federal nature. Neither the validity nor construction of any treaty of the United States, nor the validity of the grant, were challenged. Indeed, it may be observed that during the progress of the case in the several state courts no appeal was made to the Federal Constitution, or to any acts of Congress save the one providing for the removal of cases from state to Federal courts.

It is apparent that the only Federal question which was presented, to wit, the right of removal, was correctly decided, and, therefore, the judgment of the District Court is

*Affirmed.*