ITowry, J.,
delivered the opinion of the court:
The plaintiff, as a commissioner in extradition proceedings, performed certain services for which he was paid the •fees prescribed by section 21 of the act of May 28, 1896 (29 Stat. L., 184). But the fourth section of the act of August 3, Í882, 22 Stat. L., 215 (which act in its- second section fixes higher fees in extradition proceedings), provides that all witness fees and costs of every nature in cases of extradition, including the fees of the commissioner, shall be certified by the judge or commissioner before whom the hearing shall take place to the Secretary of State, who thereupon is authorized to allow payment thereof out of the appropriation to defray the expenses of the judiciary. The foreign government by whom the proceedings for extradition may have been instituted reimburses the amount of the fees and costs so allowed to the United States through the Secretary of State.
Plaintiff contends that this provision of the statute gives judicial discretion to the judge or commissioner to tax and certify the fees and costs under the same act which provides the higher fees, and that the exercise of this discretion is conclusive upon that officer; that the power given the Secretary of State is executive or ministerial, and that it becomes his *37 duty to allow the payment of tlie fees so certified out of the appropriation for expenses of the judiciary, and that this discretion given to the judge or commissioner can not be revised. The effect of this contention is to claim the higher fees authorized by the act of 1882.
By section 21 of the act of May 28, 1896 (supra), it is provided “ that each United States commissioner shall be entitled to the following-named fees and none other.” At the end of this section Congress reenacted the provisions with reference to fees earned in proceedings arising under the treaties between the United States and Great Britain and the United States and France, which provisions formed a part of the second section of the act of August 3, 1882 (supra), and this section related to all foreign governments with whom extradition treaties existed.
Thus, in enacting section 21 of the act of May 28, 1896, Congress adopted part of the language of the second section of the act of August 3, 1882. Prior to this act of May 28, 1896, commissioners were entitled to fees prescribed by section 847 of the Eevised Statutes. It will be seen that the fees prescribed in section 847 and in the 'Second section of the act of August 3, 1882, were the .same, including every provision for fees which commissioners should receive in acting in extradition proceedings under the certain treaties therein named.
If it was the intention of Congress in enacting section 21 of the act of May 28, 1896, to provide an exclusive fee by law for commissioners, whether acting in cases where crimes against the United States were charged or whether acting in extradition proceedings, then the plaintiff has been paid all he was entitled to claim on the account as presented. If it was not the intention to provide a single fee bill applicable alike to cases of crime committed in this country and cases arising under proceedings for extradition to foreign governments, then the fees fixed by the early acts may be collected in this case.
It is argued that Congress expressed its intent not to repeal the second section of the act of 1882 for the payment of commissioners’ fees where such fees were earned in ex *38 traditions because subsequent to the passage of the act of 1896 the appropriation acts indicate the payment of commissioners’ fees in such cases under the act of 1882. Thus, an appropriation was made “ to enable the Secretary of State to comply with the requirements of the fourth section of an act regulating fees and practices in extradition cases, approved August 3, 1882, to be disbursed by the Secretary of State.” (31 Stat. L., 63 and 885; 32 Stat. L., 79.)
From this it is argued that it was the intention to apply the fees according to the requirements of the second section of the previous act. While the argument is plausible the court does not think that the second section of the act regulating fees and practices in extradition cases is applicable. The language evidently refers to the requirements of the fourth section with respect to the approval of the account by the proper officer and its allowance by the Secretary of State without the old scale of charges.
Again, it is urged that the fact that Congress only adopted in the last act, in terms, part of the language of the second section of the act of August 3, 1882, leads to the irresistible conclusion that it was the intention of Congress to have that part to which no reference is made to remain' in full force and effect. But we think there is an irreconcilable inconsistency in the act of 1896 with the provision in the act of 1882 with respect to the amount of the fees. Section 24 of the repealing act provides that all acts and portions of acts inconsistent with it are repealed. As section 21 designates United States commissioners in general terms and provides a scale of fees, we are of opinion that where a commissioner renders a bill either in cases of offenses against the United States or in extradition proceedings there is one general fee bill now provided to cover all cases not enumerated in the act of 1896. This view excludes the present claim.
Petition dismissed.