ATTLEBORO MFG. CO. v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO.

(District Court, D. Massachusetts. January 29, 1913.)

No. 211 (C. C. No. 863).

REMOVAL OF CAUSES (§ 45*)—ACTIONS REMOVABLE—ACTION AGAINST ALIEN.

Under Removal Act March 3, 1875, c. 137, 18 Stat. 470, as amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and corrected in 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), authorizing the removal of suits involving a controversy between citizens of a state and foreign states, citizens, or subjects, an action brought in the courts of one state by a corporation of another state against an alien corporation is removable; the alien's right not being limited, by the provision that no civil suit shall be brought before either a Circuit or District Court of the United States against any person by any original process or proceedings in any other district than that whereof he is an inhabitant, to cases where the suit is brought against an alien in the district of plaintiff's residence.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

At Law. Action by the Attleboro Manufacturing Company against the Frankfort Marine, Accident & Plate Glass Insurance Company. On motion to remand the cause to the state court. Denied.

Whipple, Sears & Ogden, of Boston, Mass., for plaintiff.
Choate, Hall & Stewart, of Boston, Mass., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, District Judge.  Plaintiff moves to remand to the superior court for the county of Bristol in the commonwealth of Massachusetts—

"for the reason that this court has no jurisdiction of the suit, since the jurisdiction is founded only on the fact that the action is between a corporation organized under the laws of the state of Rhode Island and an alien corporation."

The plaintiff is a corporation under the laws of the state of Rhode Island, and is engaged in business in Attleboro, Mass.  The defendant is a corporation organized under the laws of the empire of Germany, and is engaged in the business of insurance in Massachusetts.

The action at law, described in the writ as an action of tort, was begun by writ dated May 13, 1911, and was entered in the state court June 5, 1911.  The petition for removal was filed June 13, 1911, and the order for removal is dated June 14, 1911.  All this was prior to the taking effect of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), January 1, 1912.

The plaintiff contends that the case is governed by the Removal Act dated March 3, 1875 (Act March 3, 1875, c. 137, 18 Stat. 470), as amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433).  See U. S. Compiled Statutes, p. 507 et seq.  Under section 1 of that act the Circuit Court has jurisdiction of—

"a controversy between citizens of a state and foreign states, citizens or subjects."

It is also provided that no civil suit shall be brought before either a Circuit or District Court—

"against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, and Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, hold that the provisions of the act as to the district in which suits must be brought have no application to a suit against an alien or alien corporation, but that such a person or corporation may be sued by a citizen in any district in which valid service may be made.

The plaintiff seeks such a construction of the act as restricts an alien defendant's right of removal to cases in which the suit against the alien is brought in the district of the plaintiff's residence.  Plaintiff cites from Cochran v. Montgomery, 199 U. S. 260, 273, 26 Sup. Ct. 58, 63 (50 L. Ed. 182, 4 Ann. Cas. 451), the following:

"The main purpose of the act of 1887, as has been repeatedly said, is to restrict the jurisdiction, and this was largely accomplished in the matter of removals by withholding the right from plaintiffs and only according it to defendants when sued in the plaintiff's district."

It is argued that it is not the policy of the law to give to aliens privileges not granted to citizens, and that if the defendant in the present suit, instead of being an alien, had been a citizen of one of the United States, he would not have had the privilege, against the plaintiff's objection, or having his case tried in the federal court.

The inability of a citizen to remove in such a case is due, however, to provisions of the Removal Act that relate specifically to actions between citizens of different states, meaning thereby citizens of different states of the Union.

Section 1 provides that such actions shall be brought only in the district of the residence of either the plaintiff or the defendant. Section 2 of the act provides for removal—

"by the defendant or defendants therein being nonresidents of the state."

It follows, of course, that the words "being nonresidents" preclude a citizen defendant from removing when sued in the courts of his own state.

It by no means follows, however, that the sole purpose of the removal acts, so far as they relate to aliens, was to enable a defendant to avoid the trial of a case in the state court of the plaintiff's residence.

By article 3, § 2, of the Constitution of the United States, the judicial power was extended to controversies between a state or the citizens thereof, and foreign states, citizens, or subjects. The statutes in pursuance of this provision which grant to aliens the right to a federal tribunal have not expressly limited this right to the single case where the alien is sued in the state of the plaintiff's residence. To impose such a limitation by construction would be to go beyond the clear terms of the Removal Act, and to cut down the right of removal given to an alien through a reference to provisions which are expressly confined to an action between citizens of different states of the Union.

The suggestion that an alien should have no greater right than a citizen is not of sufficient force to justify the limitation of the right of the alien defendant.

The plaintiff cites no case which supports its contention, though it cites many cases from which it seeks to deduce the principle that the only purpose of the act is to enable a defendant to escape from the state courts of the plaintiff's residence.

The reason for affording an alien a right to a federal tribunal may be much broader than this, as indicated by the constitutional provision to which reference has been made.

The argument that a decision in favor of this defendant would practically reinstate Revised Statutes, § 629, subsec. 1 (U. S. Comp. St. 1901, p. 508), which, as stated in O'Conor v. Texas, 202 U. S. 501, 26 Sup. Ct. 726, 50 L. Ed. 1120, has been repealed, seems of little force. On the contrary, the fact that for a very long period of time the right of removal which the alien defendant now asserts was clear and undisputed supports a natural construction of the statute which preserves that right unimpaired, rather than a construction which, without express warrant in the terms of the act, cuts down a long recognized right.

There seems to be nothing unreasonable in giving the act a construction favorable to the defendant, and this construction is directly supported by the decision of the Circuit Court of Appeals for the

Ninth Circuit in Wind River Lumber Co. v. Frankfort M., A. & P. G. Co., 196 Fed. 340. This case is directly in point and seems a satisfactory and sufficient authority.

The motion to remand is denied.