JOHN W. HEATH and MAX E. STARLIGHT, Respondents, v. SANTA LUCIA COMPANY, S. A., and FREDERICO SANCHEZ, Appellants.

First Department, April 29, 1921.

Removal of causes — amended petition after original declared insufficient, warranting removal to United States District Court, for diversity of citizenship — leave of court to file amended petition unnecessary and no entry of order required — discretion of court with respect to granting removal where petition is sufficient — petition for removal does not divest State court of jurisdiction if jurisdictional facts are insufficient — practice in State court as to order for removal — United States Judicial Code, § 29, construed.

Although an original petition for the removal of a cause to the United States District Court on the ground of diversity of citizenship is insufficient, an amended petition sufficient in all respects warrants granting the removal, since, after the decision as to the insufficiency of the original petition, the case stands as if no petition had been filed.

Since the Federal statute does not require the entry of an order for the removal of a cause, and the original application was not for an order in the action within the rule requiring leave to renew a motion, it was not necessary to ask leave to renew the application for removal.

When a proper and sufficient petition for removal of a cause to the Federal court has been presented, the State court has no discretion with respect to granting it.

Although the Federal statute relative to removal of causes provides that on presentation and filing of a sufficient petition the State court shall accept it and proceed no further with the action, the State court is not divested of its jurisdiction unless the petition shows jurisdictional facts; and for that reason the court may examine the petition and, if it is insufficient, it may disregard it and proceed with the action.

It seems, that on a petition for the removal of a cause to the Federal court the practice in this State is not to enter an order in strict accordance with the statute to the effect that the State court accepts the petition and will proceed no further with the action, but merely to enter an order directing the removal of the cause.

Section 29 of the United States Judicial Code, relative to the removal of causes, construed.

APPEAL by the defendants, Santa Lucia Company, S. A., and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of August, 1920, denying their application for an order recognizing the

sufficiency of their petition, duly verified July 9, 1920, and bond for the removal of this cause into the United States District Court, Southern District of New York, and that the State court proceed no further for the reason that its jurisdiction had been terminated thereby, and also from an order entered in said clerk's office on the 26th day of July, 1920, denying a like application predicated on an amended petition for such removal of the cause, duly verified on the 29th day of July, 1920.

*George S. Mittendorf* of counsel [*Geller, Rolston & Blanc,* attorneys], for the appellants.

*Charles S. Rosenschein* of counsel [*David L. Podell,* attorney], for the respondents.

LAUGHLIN, J.:

On the first application the sufficiency of the petition for the removal of the cause to oust the State court of jurisdiction was challenged. The court deemed the objections well taken and the amended petition was filed to meet and overcome them. If either petition was sufficient, it becomes unnecessary to consider the sufficiency of the other; and since the amended petition set forth all the facts contained in the original and additional facts, we shall consider it first.

The authority for the removal of a cause from the State court to the Federal court is contained in section 28 of the Judicial Code of the United States (36 U. S. Stat. at Large, 1094, § 28, as amd. by 38 id. 278, chap. 11). That section first provides for the removal of civil causes arising under the Constitution or laws of the United States or treaties. It is next provided that any other suit of a civil nature at law or in equity of which the District Courts of the United States are given jurisdiction, by the title containing said section, and thereafter brought in a State court " may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State." Provision is then made for the removal of causes involving a controversy between *citizens* of different States. This is followed by provisions for such removal of causes in certain cases on the ground of prejudice or local influence by which defendant will not be able to obtain justice in the State

court and for the remanding of causes so removed by an order of the District Court on certain proof. The section also provides that if the District Court decides that a cause has been removed into that court improperly, it may order it to be remanded to the State court. It also contains provisions, not applicable here, exempting certain causes therefrom. The provisions of the section applicable here are those only for the removal of a cause by defendants who are non-residents of the State. The procedure for the removal of causes is prescribed in section 29 of said Judicial Code (36 U. S. Stat. at Large, 1095, § 29). That section provides, with respect to the removal of causes on a ground other than prejudice or local influence, that the party desiring to remove the cause from the State court " at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," may make and file a petition entitled in the action and duly verified, for the removal of the cause into the District Court to be held in the district where it is pending and shall make and file therewith a bond as therein provided. The section next provides as follows: " It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." It is further provided that written notice of the petition and bond for removal shall be given to the adverse party or parties prior to filing the same. The section then provides for the further proceedings in the cause in the District Court.

The amended petition shows that the action is of a civil nature at common law, of which the District Court of the United States for the Southern District of New York has original jurisdiction; that it has been brought in the Supreme Court, New York county, and was commenced by the service of the summons and complaint on the defendants on the 1st of July, 1920, and that the time of the defendants to answer, plead or make such motion as they may be advised was by order of the court in which the action was brought extended twenty days from the 21st day of July, 1920, and that the issues have not been tried and that the time at or before which the defendants are required by the laws of New York or any

rule of the court to answer or plead to the complaint has not elapsed; that the matter in dispute in the action exceeds, exclusive of interest and costs, the sum of $3,000 and is the sum of $1,000,000, with interest and costs; that the suit is a controversy between plaintiffs, who are citizens and residents of the State of New York " and the defendants, who were not residents or citizens of the State of New York either at the time of the commencement of this action or at the present time," and that the defendants were at the time of the commencement of this suit and now are aliens and foreign citizens, and that the defendant company was at the time of the commencement of the action and now is a foreign corporation organized and existing under the laws of the Republic of Cuba, and defendant Sanchez was at the time of the commencement of the action and now is a citizen and resident of the Republic of Cuba, and that the only parties to the suit are the plaintiffs and these two defendants. It is then stated in the petition that the petitioners are desirous of having the cause removed into the District Court of the United States for the Southern District of New York, which is the proper district. The petition further shows the filing of the original petition and bond and the giving of due notice thereof and the order of the court denying the application on the ground that the petition did not sufficiently show that the defendants were non-residents of the State of New York or that the time within which to answer or plead to the complaint had not expired and that the petitioners would again present the bond, which was on file with the clerk of the county of New York and which had been duly served on the plaintiffs, to the court on the amended petition; and praying that the State court proceed no further except to make the order of removal required by law and to accept the surety and bond and cause the record to be removed to the United States District Court for the Southern District of New York.

The decisions of the Federal court require that such a petition shall show the jurisdictional facts with technical accuracy in order to confer jurisdiction over the cause on the United States District Court and that it is not sufficient to show that the defendants reside elsewhere than in the State in which the action has been brought but it must be expressly

shown that they are non-residents of the State in which it is brought. (*Fife* v. *Whittell*, 102 Fed. Rep. 537; *O'Conor* v. *Texas*, 202 U. S. 501.) The amended petition, however, fully complies with these requirements. The application based thereon appears to have been denied on the ground that it was a renewal of the former application and that leave of the court therefor should have been obtained. That is an erroneous theory. Assuming that the original petition was insufficient, as was held on the application based thereon, the case stood as if no petition had been filed and no application had been made. Defendants were given by statute, provided they complied with its requirements, the right to have the cause so removed. The State court is vested with no *discretion* in the premises. The fact that defendants filed an insufficient petition did not affect their right on presenting a proper petition to divest the State court of further juris-diction, nor did it require that they apply for leave to renew their application which would have involved their submitting their rights to the discretion of the State court. Their original application was not for an *order* in the action within the rule requiring leave to renew a motion. The Federal statute does not even require the entry of an order. It, in effect, provides that on the presentation and filing of a sufficient petition and bond, the State court shall accept them and proceed no further with the action. But the State court is not divested of its jurisdiction unless the petition shows the jurisdictional facts and for that reason the court may examine the petition and if it be insufficient it may disregard it and proceed with the action. (*Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 195; affd., 95 U. S. 183; *Holden* v. *Putnam Fire Ins. Co.*, 46 N. Y. 1; *Vose* v. *Yulee*, 64 id. 452; *Tugman* v. *National Steamship Co.*, 76 id. 212; *Tierney* v. *Helvetia Swiss Fire Ins. Co.*, 126 App. Div. 446; *Powers* v. *Chesapeake & Ohio Railway*, 169 U. S. 92.) For this reason, the practice in this jurisdiction appears to be instead of entering an order in strict accordance with the statute, namely, that the State court accepts the petition and bond and will proceed no further with the action, to enter an order directing the removal of the cause. Since the amended petition was sufficient, the State court was thereby divested of further jurisdiction. It, therefore, becomes unnecessary to

consider the appeal from the order made on the application on the original petition and the further point with reference to the appellants' appeal therefrom being confined to the papers recited in the order, all of which, however, are sufficiently recited in the second order. The appeal therefrom will, therefore, be dismissed and the order denying the application on the amended petition will be reversed, with ten dollars costs and disbursements, and the application thereon for an order that the State court accept the amended petition and proceed no further granted, and since the plaintiffs opposed the application, it is granted, with ten dollars costs.

DOWLING, PAGE, MERRELL and GREENBAUM, JJ., concur.

Appeal from order of July 26, 1920, dismissed; order of August 3, 1920, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.