RITCHEY LITHOGRAPHING CORPORATION, Appellant, *v.* ROB-
ERTSON-COLE DISTRIBUTING CORPORATION, Respondent.

First Department, January 13, 1922.

Removal of causes — removal from State court to Federal court —
order by State court not necessary — filing petition and bond
under United States Judicial Code, § 29, divests State court of
jurisdiction — if petition does not show necessary jurisdictional
facts State court may proceed — notice of presentation of petition
and bond was sufficient — petition need not allege that notice
was given nor show that time to answer had not expired — judicial
notice that time to answer had not expired — judgment in action
in State court entered by default improper.

While the practice in this State, on the removal of a cause from the State
court to the Federal court, is to enter an order directing the removal
of the cause, such order is not a necessary step in the proceedings for
the removal, and when a proper and sufficient petition and bond for the
removal of a cause are presented and filed under section 29 of the United
States Judicial Code, the cause is then removed to the Federal court,
and the State court has no discretion and must accept them and proceed
no further in the action.

But the State court is not divested of its jurisdiction unless the petition
shows the necessary jurisdictional facts, and for that reason the court
may examine the petition and, if it be insufficient, may disregard it and
proceed with the action.

The notice served on the plaintiff's attorneys on the day before the petition
and bond were filed to the effect that a petition and bond in the action,
copies of which were thereto annexed, for the removal of the action to
the District Court of the United States for the Southern District of New
York, would be presented by the defendant's attorneys on the 12th of
August, 1921, at Special Term, Part II, for settlement and signature,
was a sufficient compliance with section 29 of the United States Judicial
Code.

The omission to allege in the petition for removal that the notice required
had been given did not invalidate the petition.

The failure of the defendant to allege in the petition that its time to answer
or plead had not expired did not constitute a jurisdictional defect, for
the statute does not require that the petition shall so state, but merely
requires that the petition shall be presented at the time or any time
before the defendant is required to answer or plead.

Furthermore, although the sheriff had not made his return on the service
of the summons and complaint at the time of the filing of the petition,
by filing the papers and the certificate of service, the court could, since
a warrant of attachment had been issued and it and the summons were

in the hands of the sheriff to be executed, take judicial notice that defendant's time to answer or plead had not expired.

Accordingly, the jurisdictional facts sufficiently appeared by the petition or by records of which the court could take judicial notice, and on the presentation of the petition and bond to the Special Term, Part II, and the approval of the bond, the same became accepted and the State court was without jurisdiction to proceed further, and the judgment thereafter entered by default in the State court was void and should be set aside.

But if the court was not justified in taking judicial notice of the date of the summons or of the service, since it was the fact that defendant's time to plead had not expired, it was, in the circumstances, improper for the attorneys for the plaintiff to enter judgment by default in the State court, for if they claimed that the cause was not removed owing to some jurisdictional defect, they should have applied to the court on notice to the defendant for leave to enter the judgment.

APPEAL by the plaintiff, Ritchey Lithographing Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1921, granting defendant's motion to vacate a judgment entered herein against the defendant by default.

*Seligsberg, Lewis & Rothschild* [*Jay Leo Rothschild* of counsel; *Clarence M. Lewis* with him on the brief], for the appellant.

*DeWitt & Mulqueen* [*Benjamin P. DeWitt* of counsel], for the respondent.

LAUGHLIN, J.:

The theory upon which the judgment was vacated is that the action on defendant's application had been removed to the Federal court for the Southern District of New York. The complaint alleges that the plaintiff is a domestic corporation and that the defendant is a foreign corporation organized under the laws of Delaware, and then sets forth a cause of action for goods sold and delivered, and demands judgment thereon for $4,427.09. The summons and complaint were served on the defendant on the 30th day of July, 1921, but were not filed in the county clerk's office until the eighteenth of August. On the twelfth of August defendant filed a petition for the removal of the cause to the District Court for the Southern District of New York. Plaintiff challenges the

sufficiency of the petition on the ground that it is juris-
dictionally defective in that it does not show that the defend-
ant's time to answer had not expired, and on the ground of
the insufficiency of the notice thereof to the plaintiff. It
appears by the affidavit of one of the attorneys for the
plaintiff that he found the notice on his desk at two P. M. on the
twelfth of August and was informed by another of the plaintiff's
attorneys that it had been left there about noon that day.
The notice was entitled in the action and was to the effect
that a petition and bond therein, copies of which were thereto
annexed, for the removal of the action to the District Court
of the United States for the Southern District of New York
would be presented by the defendant's attorneys on the 12th
of August, 1921, at Special Term, Part II, for settlement and
signature. The petition sets forth that the petitioner, the
defendant in the action, is a corporation organized under the
laws of Delaware and that the plaintiff is a corporation
organized under the laws of New York; that the sum in
controversy exceeded, exclusive of interest and costs, the sum
of $3,000; that the petitioner offers therewith a bond, required
for the removal of the cause, conditioned for the payment of
costs in the event that the District Court should decide that the
case was improperly removed. An affidavit made by one of
the attorneys for the plaintiff states that on discovering the
notice and papers annexed thereto on his desk at two P. M.
on August twelfth, he immediately inquired of the clerk of the
Special Term, Part II, and was informed that no papers had
been submitted and that they should be presented there; and
another attorney for the plaintiff states in an affidavit that
he inquired at the office of the clerk of Special Term, Part II,
that day and was informed that the petition and bond had
been submitted to Mr. Justice BURR but could not ascertain
what action had been taken thereon, and that at nine o'clock
the next morning he went to the county clerk's office and
there found the bond and petition with Mr. Justice BURR's
approval on the bond and the filing date of August thirteenth
on the petition. The attorneys for the plaintiff proceeded
in disregard of the notice and without notice to defendant or
leave of the court entered judgment on the 20th of August,
1921. On the eighth of September defendant obtained an

order returnable on the ninth requiring plaintiff to show cause why the judgment should not be set aside.  One of the attorneys for the defendant in an affidavit on which the order to show cause was obtained states that he prepared the petition and bond and on the twelfth of August presented them to Mr. Justice BURR sitting at Special Term, Part II, and that the petition and bond were approved by the justice and were filed with the clerk of the court, and that in accordance with the provisions of sections 28 and 29 of the Judicial Code of the United States (36 U. S. Stat. at Large 1094, § 28, as amd. by 38 id. 278, chap. 11; 36 id. 1095, § 29) the cause of action was then and there removed to the United States District Court and that this court had no further jurisdiction; that after the plaintiff entered judgment the defendant obtained an injunction from the Federal court restraining the plaintiff and the sheriff from proceeding further under the judgment and execution and that the judgment was still of record and that the sheriff has levied upon the defendant's bank account under an execution issued on the judgment and that the defendant was without redress unless the court vacated the judgment.

The Special Term granted the motion on the ground that the cause of action had been removed to the Federal court by the filing of the petition and bond and the approval thereof by Mr. Justice BURR and that no formal order was necessary to remove it and that the plaintiff's only remedy was in the Federal court, but in a memorandum on the settlement of the order the court states that it would not on an application to set aside the judgment entered as on a default entertain objections to the sufficiency of the petition for the removal of the cause, but that on a motion made by the plaintiff the sufficiency of the petition might be attacked.  This court in *Heath* v. *Santa Lucia Co.* (196 App. Div. 446), following the Federal authorities (See, also, *Insurance Co.* v. *Dunn*, 19 Wall. 214, and *Kern* v. *Huidekoper*, 103 U. S. 485, 490), held that no order of the State court is required for the removal of a cause to the Federal court and that when a proper and sufficient petition and bond for the removal of a cause are presented and filed, the State court has no discretion and must accept them and proceed no further in the action; but that the State court is not divested of its jurisdiction unless

the petition shows the necessary jurisdictional facts, and for that reason the court may examine the petition and, if it be insufficient, may disregard it and proceed with the action and that the practice in this jurisdiction is where the petition is found to be sufficient to enter an order directing the removal of the cause although that is not necessary. We also held that the decisions of the Federal court require that such a petition shall show the jurisdictional facts with technical accuracy in order to confer jurisdiction over the cause on the United States District Court, and that a petition which shows that the defendant resides elsewhere than in the State in which the action is brought is insufficient and it must expressly state that he is a non-resident of this State. The attempted removal of the cause in the case at bar was on the ground that the defendant is not a resident of the State, which is one of the grounds for which a removal is authorized. (*Heath* v. *Santa Lucia Co., supra.*) Section 29 of the United States Judicial Code (36 U. S. Stat. at Large, 1095, § 29) provides that the party entitled to remove a cause to the Federal court " may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which said suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, * * *. It shall then be the duty of said State court to accept the said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." There is no merit in the plaintiff's contention that notice of the presentation of the petition and bond was insufficient. The notice was given as required by section 29 of the United States Judicial Code prior to the filing of the petition and bond and that seems to be all that is required by the Federal statute. It is notice of the bond and petition for removal before filing that is required by the statute and not of a hearing thereon, for the application is *ex parte* and, as already observed, the court is vested with no discretion in the premises provided the jurisdictional facts are shown by the petition

supplemented by records of which the court may take judicial notice. Moreover, the omission to allege in the petition that the notice was given does not invalidate the petition. (*Booki* v. *Pullman Co.*, 220 Mass. 71.) It is next contended by the appellant that there is a jurisdictional defect in the petition in that it does not show that defendant's time to answer or plead had not expired, but the statute does not require that the petition shall so state. It merely requires that the petition shall be presented at the time or any time before the defendant is required to answer or plead. Moreover, the practice does not seem to require that this shall be stated in the petition. (*Kern* v. *Huidekoper, supra; East Lake Land Co.* v. *Brown*, 155 U. S. 488.) It is sufficient if this fact be shown either by the petition or by the records of the court of which judicial notice may be taken. (*Powers* v. *C. & O. Ry.*, 169 U. S. 92, 101.) In Federal Statutes Annotated, it is stated in the note following section 29 of the Judicial Code (5 Fed. Stat. Ann. [2d ed.] 276, subd. 5) that " since a court takes judicial notice of the laws of its own State, its own rules, and its own records, in the case at bar   *   *   *   it cannot be necessary to allege in the petition for removal that it is filed within the time required." In the case at bar it appears that the action was commenced on the 30th of July, 1921, by the service by the sheriff of a summons, dated July 25, 1921, which was within twenty days, and the complaint and it is conceded that a warrant of attachment was served at the same time. Although the sheriff had not made his return by filing the papers and his certificate of service when the petition and bond were presented, the court could, I think, since a warrant of attachment had been issued and it and the summons were in the hands of the sheriff to be executed with the summons, take judicial notice that the defendant's time to answer or plead had not expired. I am, therefore, of opinion that all the jurisdictional facts sufficiently appeared by the petition or by records of which the court could take judicial notice and that on the presentation of the petition and bond to the Special Term, Part II, and the approval of the bond, the same became accepted and the State court was without jurisdiction to proceed further; but if this be not so and the court erred in taking notice of the date of the summons or of the

service, since it was the fact that defendant's time to plead had not expired, it was, in the circumstances, improper for attorneys for the plaintiff to enter a judgment by default. If they claimed that the cause was not removed owing to some jurisdictional defect, they should have applied to the court on notice to the defendant for leave to enter the judgment. It follows that the court properly granted the motion to vacate the judgment and the order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., PAGE and MERRELL, JJ., concur; DOWLING, J., concurs in result.

Order affirmed, with ten dollars costs and disbursements.