ETHEL E. GLEASON, Plaintiff, *v.* H. M. BYLLESBY AND COMPANY, Defendant.

Supreme Court, Special Term, New York County, September 30, 1936.

*Van Vorst, Siegel & Smith,* for the petitioner.

McLaughlin (Charles B.), J.   In this application for the removal of a case from this court to the United States District Court, pursuant to section 72 of title 28 of the United States Code, defendant contends objections and affidavits by plaintiff may not be considered.   This raises the question as to the purpose, of the notice provided for therein.   As was said in *Kueck* v. *Northwestern Mutual Life Ins. Co.* (Dist. Ct., S. D. N. Y., April, 1932, 2 Fed. Supp. 400, 401): " I think that no one can say with certainty what was the precise purpose of Congress in prescribing that the notice should be given ' prior to filing ' the petition and bond. In one group of decisions it has been said or plainly implied that the design was to afford opportunity to the adverse party to be heard on the question of removability [citing cases]; in another, that it was merely seasonably to inform the adverse party that the right of removal would be exercised [citing cases]."   But we think the question is resolved for use by the decision in *Ritchey L. Corp.* v. *Robertson-Cole D. Corp.* (199 App. Div. 362, 366 [1st Dept. 1922]) where it is said: " It is the notice of the bond and petition for removal before filing that is required by the statute and not of a hearing thereon, for the application is *ex parte* and, as already observed, the court is vested with no discretion in the premises provided the jurisdictional facts are shown by the petition supplemented by records of which the court may take judicial notice."

The petition is valid, the bond is satisfactory and the application is timely.

The time to answer was extended to September twenty-third by stipulation.   The application was made on September eighteenth. It is in time if made before an answer is required to be served, whether the time has been extended by the State court, a State statute or by stipulation of the parties.   (*Glauber, Inc.,* v. *Lehigh Valley R. Co.,* 8 Fed. Supp. 347; *Anthony, Inc.,* v. *National Broadcasting Co., Inc.,* Id. 346.)

Application granted.