given beyond an unverified statement of counsel that he knew nothing of the retraction until the day before the trial. No reversible error is shown by the refusal to permit the amendment on this state of the facts. The defendant knew of the retraction, and should have pleaded it in time to permit a trial under the usual modes of procedure which are designed to make an issue for the trial. The publication by defendant was proven. The paper of defendant in which it was contained was bought at defendant's office in Park Row, and the defendant's witnesses prove that it was published by the defendant. Upon the merits the verdict is sustained by the proof. The charge was exceedingly injurious, and the jury has said that it was unjustified, and not so far excused but that the plaintiff was entitled to substantial damages. No error was committed on the trial. There are several exceptions taken to rulings on collateral issues and to the judge's charge and refusal to charge. It was no defense or justification to prove that the charge was made on information obtained from others. It was proven that the article came in as news, and was published without any express malice on the part of the defendant.

The judgment should be affirmed, with costs. All concur.

---

(70 Hun, 239.)

In re EWER.

(Supreme Court, General Term, First Department. June 30, 1893.)

CONSTITUTIONAL LAW—EMPLOYMENT AND EXHIBITION OF CHILDREN.

Pen. Code, § 292, making it a criminal offense for one who, as parent, has the care, custody, or control of a female child under the age of 16 years to procure or assent to the employment or exhibition of such child as a dancer, is not unconstitutional, as depriving the parent of the right to the custody and services of the child, and the child of the right to follow a lawful occupation. 19 N. Y. Supp. 933, affirmed.

Appeal from special term, New York county.

Application by Charlotte Ewer for writs of habeas corpus and certiorari. From orders dismissing the writs, (19 N. Y. Supp. 933,) said Ewer appeals. Affirmed.

Charlotte Ewer, the appellant, was arrested upon a warrant, and taken before a police magistrate in the city of New York, June 16, 1892, charged with a misdemeanor in violating section 292 of the Penal Code, by unlawfully exhibiting, using, procuring, and consenting to the exhibition of her daughter, Mildred Ewer, aged seven, as a dancer in the Broadway Theater in said city. She demanded an examination, upon which the charge was fully sustained, and she was thereupon held to await the action of the grand jury in default of $500 bail. Immediately, writs of habeas corpus and certiorari were issued out of this court. The warden returned the body of the prisoner with the commitment, and the magistrate returned the complaint, warrant of arrest, and testimony taken on the hearing. Thereupon the appellant demurred specially to the returns, alleging that the statute was unconstitutional, and that, upon the conceded facts, no offense had been committed. After hearing argument, Justice Andrews dismissed the writs, and remanded the prisoner, upon the grounds stated in his opinion.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

A. J. Dittenhoefer and David Gerber, for appellant.

De Lancey Nicoll, Dist. Atty., and Elbridge T. Gerry, for respondents.

LAWRENCE, J.   As the only ground assigned for assailing the proceedings before the police magistrate is that section 292 of the Penal Code is in conflict with the provisions of the constitution, I deem it sufficient to say that, under numerous decisions of the court of appeals, the position taken by the appellant cannot be sustained.   The opinion of Mr. Justice Andrews, at the special term, fully covers the case, and it is unnecessary to add anything to the reasoning therein contained.   It therefore results that the orders appealed from should be affirmed.   All concur.