79h    580
38 Mis²661

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES F. ZEESE, Appellant, v. VINCENT M. MASTEN, as Superintendent of the State Industrial School of Rochester, Respondent.

*Commitment and sentence of a minor to a reformatory under section 713 of the Penal Code — loss by the parent of his custody and earnings.*

Where a commitment made by a police justice states the age of the delinquent to be thirteen years, showed a conviction of petty larceny, and contains the words "it is adjudged that he be confined in the State Industrial School in the city of Rochester, New York, under the provisions of the statute relating thereto, and he is hereby committed to the custody of the board of managers of the said industrial school until discharged by due course of law," it is in accordance with the statutes and is not void for indefiniteness.

Section 713 of the Penal Code requires a child under sixteen years of age, convicted of a crime, to be committed to some reformatory, charitable or other institution authorized by law to receive and take charge of minors, and provides that when he is so sentenced, the institution, "until his majority or for a shorter term," may subject him to such discipline and control "as a parent may lawfully exercise over a minor," and where the commitment of a minor for a crime is lawful the loss by the parent of the custody and earnings of his child follows as one of the incidents, for which there is no remedy.

APPEAL by the relator, Charles F. Zeese, from an order of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 28th day of October, 1893, dismissing a writ of habeas corpus and remanding William Zeese, a prisoner, to custody.

*D. F. McLennan*, for the appellant.

*George A. Carnahan*, for the respondent.

HARDIN, P. J.:

Chapter 143 of the Laws of 1846 authorizes the establishment of a house of refuge for juvenile delinquents. (See 3 R. S. [7th ed.] 2658.) In section 13 of the act the managers are directed to "receive and take into the said house of refuge all male children under the age of eighteen years, and all female children under the age of seventeen, who shall be legally committed to the said house of refuge as vagrants, or on a conviction for any criminal offense by any court having authority to make such commitments; the said managers shall have power to place the said children committed to their care, during the minority of such children, at such employ-

ments, and cause them to be instructed in such branches of useful knowledge as shall be suitable to their years and capacities; * * * provided that the charge and power of the said managers upon and over the said children shall not extend, in the case of females, beyond the age of eighteen years, or in the case of males, beyond the age of twenty-one years." In section 16 of the act it was provided that courts and magistrates " may, also, in their discretion, sentence to said house of refuge any such male or female who may be convicted before them of any petit larceny." By chapter 593 of the Laws of 1886, page 835, section 16 of chapter 143 of the Laws of 1846 was repealed ; and the same Legislature substituted in place thereof provisions found in chapter 539 of the Laws of 1886. That act changed the name of the Western House of Refuge to " The State Industrial School ; " and in section 3 of the act authority is given to the board of managers of the State Industrial School to receive into said school all children " who may hereafter be sentenced to * * * The State Industrial School, and to retain the same subject to the rules and regulations of said institution, and said board of managers shall have the right, and it shall be their duty, to receive and retain all such persons committed to their custody, and such right and duty shall not be affected, prejudiced or impaired by reason of, or in consequence of, any technical defect or clerical error in the warrant of commitment." Authority is given to the courts to direct a confinement in a house of refuge of juvenile delinquents by section 701 of the Penal Code, and the manner in which such power shall be exercised is regulated to some extent by section 713 of the Penal Code.

By chapter 387 of the Laws of 1852 the act of 1846 was amended, and it was provided in the second section of the amendatory act that it shall be the duty of courts of criminal jurisdiction "to ascertain by such proof as may be in their power the age of every delinquent, by them respectively sentenced to the said house of refuge, and to insert such age in the order of commitment, and the age thus ascertained shall be deemed and taken to be the true age of such delinquent." In this case the age so ascertained and stated of the delinquent, William Zeese, was thirteen years, as appears in the commitment made by Police Justice Mulholland February 1, 1892. (See chapter 216 of the Laws of 1891.) The

commitment showed a conviction of petit larceny, and it contained these words: " It is adjudged that he be confined in the State Industrial School, in the city of Rochester, New York, under the provision of the statute relating thereto, and he is hereby committed to the custody of the board of managers of the said industrial school until discharged by due course of law." The commitment seems to be in accordance with the statute and is not void for indefiniteness. The institution is for the reformation of delinquents, and had its origin and is maintained in a charitable spirit towards delinquents. By adjudication made by the committing magistrate the delinquent escapes from the penalty of the law and avoids the penalty prescribed for the crime he had committed by being sent to the charitable institution to be reformed. The Rochester Industrial School is so nearly like the house of refuge organized under chapter 126 of the Laws of 1824, that the construction of that act in *People* v. *Degnen* (54 Barb. 105) is quite applicable here and is an authority sustaining the order appealed from. Appellant calls attention to section 15 of the Penal Code and contends that it prescribes a limit of punishment to one year. In *People* v. *Degnen* (*supra*) it is held that the sentence is not to a penal institution and that the authority to send to such an institution "is beneficent in its effect on the individual prisoner and on society." However, in section 15 there is a provision to the effect that the limit of one year applies only where there is no " other statutory provision in force at the time of the conviction and sentence." When the sentence imposed in this case was given the statutory provision to which reference has been made was in force and applicable to the industrial school, and, therefore, section 15 is not applicable to this case. Nor do we think section 13 of the Penal Code is applicable to the case before us. Nor does the case of *Gross* v. *Rice* (71 Maine, 241) apply here. In that case the power to put a prisoner, serving under a fixed term, into a dungeon and the time of such incarceration be added to the fixed term, gave a discretion as to the liberty of the convict who was serving under a penal sentence of fixed duration. Section 713 of the Penal Code seems to require a child under sixteen years of age to be committed to some reformatory, charitable or other institution authorized by law to receive and take charge of minors, and to provide that when he is so sentenced, the institution, " until

majority or for a shorter term," may subject him to such discipline and control as a parent "may lawfully exercise over a minor." It is insisted by the learned counsel for the appellant that the relator, the father of the infant, is entitled to the earnings of his child, as well as to his custody, and that such rights cannot be taken from him without notice. Although the return states that the "father was present at the arraignment and conviction of Willie Zeese" in such court, we may properly meet the contention of the appellant irrespective of that fact. The commission by the child of a crime is conclusively established. The statute to which reference has been made provided a mode of treatment of the child by the court and institution for the good of the public and the protection and benefit of the child. The legislative power was exercised in adopting the legislation "to secure the general comfort, health and prosperity of the State." (*Commonwealth* v. *Alger*, 7 · Cush. 84; *Slaughter House Cases*, 16 Wall. 62.) Such legislation has existed for many years and received the approval of judges and courts, and we are of the opinion that it does not violate any of the provisions of the Federal or State Constitution. (*Matter of Application of Jacobs*, 98 N. Y. 108; *The People of the State of New York* v. *Budd*, 117 id. 1; *Matter of Application of Ewer*, 70 Hun, 239; S. C. affd., 141 N. Y. 129; *Matter of Bayard*, 25 Hun, 546; *Towle* v. *Remsen*, 70 N. Y. 321.) We think the legislation was adopted in good faith and for the purpose of protecting the public as well as for the purpose of saving such children from profligacy and crime, and that it is valid. (*People* v. *Degnen*, *supra*; *Matter of Donohue*, 1 Abb. N. C. 1; *House of ·Refuge* v. *Ryan*, 37 Ohio St. 197.) In *State* v. *Ray* (63 N. H. 406) it was said that, "Where the commitment is lawful the loss by the parent of the custody of his child follows as one of the incidents for which there is no remedy." (See, also, *Matter of Ewer*, 70 Hun, 239.)

We think the conviction, commitment and adjudication made by the committing magistrate were proper and valid, and that the order made by the justice of this court discharging the writ and remanding Willie Zeese to the State Industrial School at Rochester should be affirmed.

MARTIN and MERWIN, JJ., concurred.

Order affirmed.