Argued 11 July, decided 11 September, 1906.

## STATE *v.* SHOREY.

86 Pac. 881.

CONSTITUTIONAL LAW—REGULATION OF CHILD LABOR.

1. The right of the state, under the police power, to regulate parental control of minors, and the right of minors to contract and be contracted with, is not restricted by the Fourteenth Amendment to the Constitution of the United States, forbidding the deprivation of life, liberty or property without due process of law, or by Const. Or. Art I, § 1, declaring that all

men are equal in rights under a social compact. Under the police power the state has a very wide discretion in prohibiting child labor, even where there is no danger to morals, decency, life or limb.

CONSTITUTIONALITY OF LAWS LIMITING RIGHT OF ADULT MALES TO CONTRACT FOR THEIR LABOR.

2. The constitutionality of laws prohibiting the employment of adult males for more than a stated number of hours per day is referred to but not decided.

REGULATION OF HOURS OF CHILD LABOR.

3. Gen. Laws 1905, p. 343, § 5, prohibiting the employment of any child under 16 years of age for a longer period than 10 hours in any one day is not unconstitutional as a deprivation of liberty or property without due process of law, or as an infringement on the equal rights of citizens.

From Multnomah: ALFRED F. SEARS, JR., Judge.

John F. Shorey appeals from a conviction for violating the child labor law of 1905, by employing a messenger boy less than 16 years old more than ten hours in one day.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William Torbert Muir.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney-General; *John Manning,* District Attorney, and *Bert Emory Haney,* with an oral argument by *Mr. Haney.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant was accused by information of the crime of employing a minor under the age of 16 years for a greater period than 10 hours a day, in violation of Section 5 of the child labor law of 1905, which reads as follows:

"No child under sixteen years of age shall be employed at any work before the hour of seven in the morning, or after the hour of six at night, nor employed for longer than ten hours for any one day, nor more than six days in any one week; and every such child, under sixteen years of age, shall be entitled to not less than thirty minutes for meal time at noon, but such meal time shall not be included as part of the work hours of the day; and every employer shall post in a conspicuous place where such minors are employed, a printed notice stating the maximum work hours required in one week and in every day of the week, from such minors." Gen. Laws. 1905, p. 343.

1. A demurrer to the information was overruled, and he entered a plea of not guilty. Upon the trial it was stipulated that

the averments of the information were true, and he was thereupon adjudged guilty and sentenced to pay a fine and costs. From this judgment he appeals, claiming that the law which he is accused of violating is unconstitutional and void because in conflict with the Fourteenth Amendment to the Constitution of the United States, which provides that no state shall "deprive any person of life, liberty or property without due process of law," and of Section 1 of Article I of the Constitution of Oregon, which reads:

"We declare that all men, when they form a social compact, are equal in rights."

These constitutional provisions do not limit the power of the state to interfere with the parental control of minors, or to regulate the right of a minor to contract, or of others to contract with him: 2 Tiedeman, State & Fed. Con. § 195. It is competent for the state to forbid the employment of children in certain callings merely because it believes such prohibition to be for their best interest, although the prohibited employment does not involve a direct danger to morals, decency, or of life or limb. Such legislation is not an unlawful interference with the parents' control over the child or right to its labor, nor with the liberty of the child: *People* v. *Ewer*, 141 N. Y. 129 (36 N. E. 4, 25 L. R. A. 794, 38 Am. St. Rep. 788), affirming *In re Ewer,* 70 Hun. 239 (24 N. Y. Supp. 500).

2. Laws prohibiting the employment of adult males for more than a stated number of hours per day or week are not valid unless reasonably necessary to protect the public health, safety, morals or general welfare, because the right to labor or employ labor on such terms as may be agreed upon is a liberty or property right guaranteed to such persons by the Fourteenth Amendment to the Constitution of the United States and with which the state cannot interfere: *Lochner* v. *New York,* 198 U. S. 45 (25 Sup. Ct. 539, 49 L. Ed. 937). But laws regulating the right of minors to contract do not come within this principle. They are not *sui juris* and can only contract to a limited extent. They are wards of the state and subject to its control. As to them, the state stands in the position of *parens*

*patriae,* and may exercise unlimited supervision and control over their contracts, occupation and conduct, and the liberty and right of those who assume to deal with them. This is a power which inheres in the government for its own preservation and for the protection of the life, person, health and morals of its future citizens. "It has been well remarked," says Mr. Justice GRAY in *People* v. *Ewer,* 141 N. Y. 129 (25 L. R. A., 794, 38 Am. St. Rep. 788, 36 N. E. 4), "that the better organized and trained the race, the better it is prepared for holding its own. Hence it is that laws are enacted looking to the compulsory education by parents of their children, and to their punishment for cruel treatment; and which limit and regulate the employment of children in the factory and the workshop to prevent injury from excessive labor. It is not and cannot be disputed that the interest which the state has in the physical, moral and intellectual well-being of its members warrants the implication, and the exercise, of every just power, which will result in preparing the child, in future life, to support itself, to serve the state and in all the relations and duties of adult life to perform well and capably its part."

The supervision and control of minors is a subject which has always been regarded as within the province of legislative authority. How far it shall be exercised is a question of expediency and propriety which it is the sole province of the legislature to determine. The judiciary has no authority to interfere with the legislature's judgment on that subject, unless perhaps, its enactments are so manifestly unreasonable and arbitrary as to be invalid on that account. It is not a question of constitutional power. "The constitutional guaranty of the liberty of contract," says Mr. Tiedeman, "does not, therefore, necessarily cover their [minors'] cases, and prevent such legislation for their protection. So far as such regulations control and limit the powers of minors to contract for labor, there has never been, and never can be, any question as to their constitutionality. Minors are the wards of the nation, and even the control of them by parents is subject to the unlimited supervisory control of the state": 1 Tiedeman, State & Fed. Con. p.

335. And Mr. Freund, in his work on Police Powers, says: "The constitutionality of legislation for the protection of children or minors is rarely questioned; and the legislature is conceded a wide discretion in creating restraints." And: "Even the courts which take a very liberal view of individual liberty and are inclined to condemn paternal legislation would concede that such paternal control may be exercised over children, so especially in the choice of occupations, hours of labor, payment of wages, and everything pertaining to education, and in these matters a wide and constantly expanding legislative activity is exercised": Freund, Police Power, § 259.

3. We are of the opinion, therefore, that the law prohibiting the employment of a child under 16 years of age for longer than 10 hours in any one day is a valid exercise of legislative power. It is argued, however, that the provisions of the statute forbidding the employment of such a child at any work before the hour of 7 in the morning or after the hour of 6 at night, is so manifestly unreasonable and arbitrary as to be void on that account. The defendant is not accused nor was he convicted of violating this provision of the statute, and is therefore not in a position to raise the question suggested.

It follows that the judgment of the court below must be affirmed, and it is so ordered.      AFFIRMED.