WIND RIVER LUMBER CO. v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO.

(Circuit Court of Appeals, Ninth Circuit.    May 6, 1912.)

No. 2,086.

1. REMOVAL OF CAUSES (§ 45*)—SUITS REMOVABLE—SUIT AGAINST ALIEN.

A suit brought in a court of one state by a corporation of another state against an alien corporation is removable under Act March 3, 1887, c. 373, § 1, 24 Stat. 552, corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509).

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 89; Dec. Dig. § 45.*]

**2.** COURTS (§ 366*) — FEDERAL COURTS — DECISIONS ON VALIDITY OF STATE STATUTES.

The federal courts are reluctant to declare an act of a state Legislature invalid as in violation of the state Constitution which has not been so declared by the highest court of the state, and especially when the act has been enforced by such court during a number of years.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**3.** STATUTES (§ 111*)—CONSTITUTIONALITY—SUBJECT AND TITLE OF ACT—OREGON CHILD LABOR LAW.

Laws Or. 1903, p. 79, being "An act to regulate the employment of child labor and for the attendance of children at school and to appoint a board to carry out the provisions of said act," *held* not invalid as in violation of art. 4, § 20, of the state Constitution, which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 140; Dec. Dig. § 111.*]

**4.** INSURANCE (§ 640*)—ACTION ON INDEMNITY POLICY—ANSWER.

In an action on an employer's liability insurance policy to recover the amount of a judgment rendered against plaintiff for injury to an employé and paid by it, where the policy expressly provided that defendant should not be liable for indemnity in case the person injured was a minor employed by the insured in violation of law, it is not necessary that an answer pleading such defense should further allege that the violation of the law contributed to the injury, which is irrelevant to the issues.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640.*]

**5.** MASTER AND SERVANT (§ 95*)—OREGON CHILD LABOR STATUTE—"FACTORY."

A sawmill, used for the manufacture of lumber, is a "factory" within the meaning of Laws Or. 1903, p. 79, which prohibits the employment of minors under the age of 16 years in a "factory, store, workshop or mine," except on compliance with certain specified conditions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*

For other definitions, see Words and Phrases, vol. 3, pp. 2642, 2643.]

In Error to the Circuit Court of the United States for the District of Oregon.

Action at law by the Wind River Lumber Company against the Frankfort Marine, Accident & Plate Glass Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error was operating a lumber mill at Cascade Locks, Or. On September 1, 1903, it employed one Westman to work in its sawmill as an oiler of the mill machinery. Westman became 16 years of age on March 22, 1904. On September 24, 1903, he was injured while performing his duties as oiler about the mill. He brought an action to recover damages against the plaintiff in error, and recovered a judgment for $5,000, and the judgment was paid. The plaintiff in error carried an insurance policy with the defendant in error. Under the terms of the policy the plaintiff in error was protected on account of any damages awarded against it for personal injuries under certain conditions. The policy provides as follows: "This policy does not cover loss from liability for injuries to, or caused wholly or in part by any child employed by the insured contrary to law, nor to, or caused wholly or in part by any child employed under fourteen years of age where no statute restricts the age of employment." The policy covered "all employés, in-

cluding teamsters, engaged in the trade, business and operations shown under paragraph 4." The plaintiff in error brought an action against the defendant in error in the court below to recover on this policy. The defendant in error answered that Westman was employed contrary to law, in that the plaintiff in error had failed to comply with the statute (General Laws of Oregon, 1903, p. 79) entitled "An act to regulate the employment of child labor, and for the attendance of children at school, and to appoint a board to carry out the provisions of said act." Section 4 of the act provides as follows: "No child, under sixteen years of age shall be employed at any work before the hour of 6 in the morning, or after the hour of 7 at night, nor employed for longer than ten hours for any one day, nor more than six days in any one week; and every such child, under sixteen years of age, shall be entitled to not less than thirty minutes for mealtime at noon, but such mealtime shall not be included as part of the work hours of the day; and every employer shall post, in a conspicuous place where such minors are employed, a printed notice stating the maximum work hours required in one week, and in every day of the week, from such minors." Section 6 provides as follows: "It shall be the duty of every person, or corporation, employing a child under the age of sixteen years, to keep a register, in which shall be recorded the name, age, date of birth, and place of residence of every child under the age of sixteen years employed; and it shall be unlawful for any person, or corporation, to employ any child under the age of sixteen years, unless there is first provided and placed on file in the factory, store, workshop, or mine, or in the telegraph, telephone, or messenger office, in which such child is employed, an affidavit made by the parents, or guardian, stating the name, date, and place of birth, and place of the school attended by such child. The register and affidavit herein provided for shall, on demand, be produced and shown for inspection to the persons hereinafter provided for in this act, who are created a board for the enforcement of the laws of this state. The persons hereinafter provided for in this act, who are created the board of inspection of child labor, shall have the power to demand a certificate of physical fitness from some regularly licensed physician, in the case of a child under sixteen years of age, who may seem physically unable to perform the labor at which such child may be employed, and no child, under sixteen, shall be employed who cannot obtain such a certificate." The answer alleged that the plaintiff in error did not comply with the terms of the act, in that it did not keep a register in which were recorded the name, age, date of birth, and place of residence of the children employed by the plaintiff in error, or the name of the said David Westman, and that he was employed in violation of the statute, and without the affidavit of his parents or guardians as required by the act. The plaintiff in error demurred to the answer as not constituting a defense to the complaint. The demurrer was overruled. The plaintiff in error then replied, alleging that the statute referred to used the term "factory," and that it did not contemplate work by a minor in a sawmill. The defendant in error demurred to the reply, and the demurrer was sustained, whereupon a judgment was rendered on the pleadings for the defendant in error. The action was first brought in the state court, but, at the instance of the defendant in error, it was removed to the Circuit Court of the United States, the petition alleging that the plaintiff in error was a corporation organized under the laws of the state of Wisconsin, and a citizen and resident thereof, and that the defendant in error was a foreign corporation, organized under the laws of Germany. A motion was made to remand, but the motion was denied.

George S. Shepherd, of Portland, Or., for plaintiff in error.

Wilbur, Spencer & Dibble, of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the court erred in refusing to remand the case to the state court. By the first section of Act March 3, 1887, c. 373, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat.

433 (U. S. Comp. St. 1901, p. 509), any civil action of which the Circuit Court is given jurisdiction by the first section of the act may be removed to the Circuit Court of the United States by the defendant or defendants being nonresidents of the state, and by the first section of that act Circuit Courts of the United States are given jurisdiction of all suits of a civil nature where the requisite amount in controversy is involved, in which there shall be a controversy between citizens of a state and foreign states, citizens, or subjects, with the proviso that no civil action shall be brought against any person in any other district than that of which he is an inhabitant. That proviso does not apply to actions against aliens or foreign corporations, and they may be sued in any district in which they may be found. Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211. The defendant was an alien corporation, and could have been sued in the District Court of the United States for the District of Oregon. The case was therefore properly removed, and there was no error in denying the motion to remand.

[2] It is contended that the statute of the state of Oregon regulating the employment of child labor, etc., is void because it violates article 4 of section 20 of the Constitution of the state, which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." In considering this contention, it is to be observed, in the first place, that the federal courts are reluctant to declare an act of a state Legislature unconstitutional which has not been so declared by the highest court of that state. In Pelton v. National Bank, 101 U. S. 143, 25 L. Ed. 901, Mr. Justice Miller said:

"It has long been recognized in this court that the highest court of the state is the one to which such a question properly belongs; and though the courts of the United States, when exercising a concurrent jurisdiction, must decide it for themselves, if it has not previously been considered by the state court, it would be indelicate to make such a decision in advance of the state courts, unless the case imperatively demanded it."

See, also, Kane v. Erie R. Co., 133 Fed. 681; 67 C. C. A. 653, 68 L. R. A. 788.

[3] The act of 1903 was in 1905 amended by the Legislature of Oregon, but without eliminating any of the subjects therein contained. Its constitutionality, as amended, was attacked on the ground that it was violative of article 1, § 1, of the Constitution of Oregon, which declares that all men are "equal in rights" under the social compact. It is true that no discussion was had of the question whether the act was open to the objection that it embraced more than one subject, as inhibited by the Constitution (State v. Shorey, 48 Or. 396, 86 Pac. 881, 24 L. R. A. [N. S.] 1121), but the act as amended has been enforced by the state courts since the year 1905. We are not convinced, however, that the act of 1903 is invalid under the provision of the state Constitution which has been quoted. It is the purpose of that constitutional provision to inhibit the joining in one act of two or more incongruous matters, and to prevent deception and trickery. It should be so construed as to avoid the evils which it was in-

tended to prevent, and not to defeat legislation, where there has been a substantial compliance with its requirements. The question whether an act embraces more than one subject should be determined from the body of the act, and not from its title. If all parts of an act relate even indirectly to the general subject of the act, or if the subjects are not separate and distinct but are so connected with each other as to be germane to the primary object of the statute, the act should not be held unconstitutional. Otoe County v. Baldwin, 111 U. S. 1, 4 Sup. Ct. 265, 28 L. Ed. 331; Ackley v. Hall, 113 U. S. 135, 5 Sup. Ct. 371, 28 L. Ed. 954; Blair v. Chicago, 201 U. S. 400, 26 Sup. Ct. 427, 50 L. Ed. 801; Monaghan v. Lewis, 5 Pennewill (Del.) 278, 59 Atl. 948; McGruder v. State, 83 Ga. 616, 10 S. E. 281; Caldwell v. Barrett, 73 Ga. 604; Feek v. Township Board, 82 Mich. 393, 47 N. W. 37, 10 L. R. A. 69. Now the primary object of the statute referred to is the protection and welfare of minors. When so regarded, it cannot be said that the various provisions are so dissonant as to come within the prohibition of the Constitution. The regulation of the hours of labor of minors, and the education of minors in the public schools, are subjects not necessarily so inharmonious that they may not come within one statute, the aim and object of which is the education and the protection of minors.

[4] We find no merit in the contention that the answer was defective for want of an allegation that failure to comply with the law contributed to the injury to Westman. The question here is not whether the plaintiff in error was liable for the injury to Westman, but that liability having been established by a judgment and the judgment paid, the question now is whether the defendant in error shall indemnify the plaintiff in error under its policy of insurance. To determine that question we have only to consider the terms of the policy. They are as plain as words can make them—that there was to be no indemnity for damages for injuries to a minor employed by the insured contrary to law. Westman was, as we have seen, employed contrary to law. The illegality of his employment is not affected by the fact that his employer might have made his employment legal by complying with a certain provision of the statute. When the condition on which a minor is permitted to be employed is disregarded, his employment is as illegal as if he were employed in the face of an absolute prohibition. Frank Unnewehr Co. v. Standard Life & A. Co., 176 Fed. 16, 99 C. C. A. 490; Goodwillie v. London Guarantee & Accident Co., 108 Wis. 207, 84 N. W. 164.

[5] The statute prohibits the employment of minors under the age of 16 years in a "factory, store, workshop, or mine, or telegraph, telephone or messenger office." The plaintiff in error contends that a sawmill is not included. We think that there can be no doubt that a sawmill comes within the term "factory," as used in the statute. The plaintiff in error in its complaint alleges that its business is "to carry on the business of manufacturing lumber and timber products." "Manufactory" and "factory" are different forms of the same word. 26 Cyc. 530. In Schott v. Harvey, 105 Pa. 222, 51 Am. Rep. 201 the court said: "The word 'factory' is a contraction of 'manufactory.'"

Webster's Dictionary defines factory as "a building or collection of buildings appropriated to the manufacture of goods." It is true that "factory" is not synonymous with "mill," for it is a more general term. A factory may contain several mills (Thomas v. Troxel, 26 Ind. App. 322, 59 N. E. 683), and in State v. A. W. Wilbert's Sons Lumber Company, 51 La. Ann. 1223, 26 South. 106, it was held that sawmills are manufactories. The statute should be construed in harmony with its purpose, which was to protect children and to regulate their employment, and we hold that it was the intention that it should apply to a sawmill, which is a species of factory, and is included within the general term "factory."

We find no error. The judgment is affirmed.