### H. G. BAKER & BRO. v. PINKHAM et al.

(District Court, E. D. South Carolina. February 6, 1914.)

1. REMOVAL OF CAUSES (§ 11*)—REQUISITES—ORIGINAL JURISDICTION.

Original jurisdiction in a federal court is in all cases essential to a right to remove.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

2. REMOVAL OF CAUSES (§ 12*)—STATUTE—DISTRICT—WAIVER.

The provisions of the removal act, describing the district in which the suit must be brought, relates to venue only and may be waived.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

3. COURTS (§§ 270, 271*)—FEDERAL COURTS—SUITS BY AND AGAINST ALIENS.

Where an alien brings suit in a federal court, he must sue in the district in which the defendant resides or is an inhabitant, but such alien may be sued in any district in which he may be found or in which valid service may be made.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. §§ 270, 271.*]

4. REMOVAL OF CAUSES (§ 11*)—JURISDICTION—JOINT DEFENDANTS—CITIZENSHIP.

A suit wherein the plaintiffs were residents of New York, and two of the defendants were aliens and a third was a resident and citizen of Georgia, was within the original jurisdiction of the federal courts and removable for diversity of citizenship; it not being necessary that all the defendants should be nonresident citizens.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

At Law. Action by H. G. Baker & Bro. against one Pinkham, master of the British steamer West Point, John Doe and Richard Roe, owners of said steamer, and Strachan & Co., agents. On motion to remand. Denied.

Mitchell & Smith, of Charleston, S. C., for plaintiffs.

J. P. K. Bryan, of Charleston, S. C. (Bryan & Bryan, of Charleston, S. C., of counsel), for defendants.

CONNOR, District Judge. Plaintiffs are residents of the state of New York. Defendant Pinkham is an alien and citizen of Great Britain. Furness Withy & Co., owners of the steamer West Point, is a corporation organized under the laws of Great Britain. Defendants Strachan & Co., agents of the owners of said steamer, are residents and citizens of the state of Georgia. The action was instituted in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court of common pleas of Charleston county, S. C., for the recovery of damages, for a joint tort.

Defendants, in apt time, joined in a petition for removal of the case, by reason of diversity of citizenship, into the Circuit Court of the United States for the Eastern District of South Carolina, for that:

"The said suit is a suit of a civil nature of which the circuit court of the United States has original jurisdiction and is a suit in which there is a controversy between citizens of different states and an alien corporation, and that the matter in dispute in such suit exceeds, exclusive of interest and costs, the sum of $2,000."

A transcript of the record was docketed in the Circuit Court. Thereafter plaintiffs moved the court to remand the cause to the state court, for that:

"This court was without jurisdiction in the premises, because this action does not involve a controversy, or dispute, properly within the jurisdiction of this court, and that it appears upon the face of the record herein that the plaintiffs are citizens and residents of the state of New York and the defendants F. P. Strachan, George P. Walker, and George F. Armstrong, copartners under the firm of Strachan & Co., are citizens and residents of the state of Georgia, and that this cause is not within the original jurisdiction of this court, nor one which it can acquire jurisdiction of by removal."

It may be conceded that the right of removal, asserted by the defendants, is dependent upon the provisions of Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433, and found in 4 Fed. Stat. Ann. 265–312, §§ 1 and 2 (U. S. Comp. St. 1901, p. 508). The action was brought, removed, and motion to remand lodged, prior to January 1, 1912. Two questions are presented:

(1) Did the Circuit Court, into which the action was removed, have original jurisdiction?

(2) If so, were the defendants entitled to remove the cause from the state court into the United States Circuit Court?

Eliminating immaterial language of the statute, jurisdiction is conferred upon the federal courts in controversies between:

(a) "Citizens of different states;  *  *  *"  (b) "citizens of a state and foreign states, citizens, or subjects."

Suits coming within either of these two classes, originally brought in a state court, may be removed into the federal court, upon compliance with the statutory requirements:

(1) "By the defendant or defendants therein, being nonresidents of the state." (2) "In any suit, coming within either of the classes, where there is a controversy wholly between citizens of different states, and which may be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

It may be conceded that the instant case does not come within the last class; it is not a suit or controversy "wholly between citizens of different states."

We are thus brought to inquire whether the case comes within the first class. The right of removal, being statutory, is controlled by the

legislative will, as expressed in the statute. At the present term, the Supreme Court has reaffirmed, in unmistakable language, the doctrine that:

"The right of removal from a state to a federal court * * * exists only in certain enumerated classes of cases. To the exercise of the right, therefore, it is essential that the case· be shown to be within one of those classes." Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. —— (January 19, 1914).

[1] It is also settled that the right to remove is not conferred by the Constitution, but is dependent upon congressional legislation. Original jurisdiction in the federal court is, in all cases, essential to the right to remove. There would seem to be no doubt that the plaintiffs may, if so advised, have brought actions in the circuit court against defendants separately; that defendant Pinkham, and the owners of the steamer, being aliens, may have been sued in the district in which they were found.

[2-4] The provision, found in the statute, prescribing the district in which the suit is required to be brought, relates to venue and may be waived. An alien, if he come into the federal court, must sue in the district in which the defendant resides, or is an inhabitant. He may be sued in any district in which he may be found· or in which valid service may be made. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Galveston R. R. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964. In the last-cited case, the action was brought in the Circuit Court of the United States, in the state of New York, by a citizen of New Jersey against a foreign corporation for the recovery of damages sustained by an alleged tort, committed abroad. The court sustained its jurisdiction. That a defendant, alien corporation, when sued in a state court by a corporation of another state, is entitled to remove the case into the Circuit Court is decided in Wind River Lumber Co. v. Frankfort, etc., Plate Glass Co., 196 Fed. 340, 116 C. C. A. 160 (C. C. A. 9th Circuit). Judge Gilbert, after noting the language of the statute, says:

"The defendant was an alien corporation, and could have been sued in the District Court of the United States for the District of Oregon. The case was therefore properly removed, and there was no error in denying the motion to remand."

In Attleboro Mfg. Co. v. Frankfort, etc., Ins. Co. (D. C.) 202 Fed. 293, Judge Brown (D. C. Mass.) reviews the decisions, and holds that the alien defendant, sued in the state court, is entitled to remove his case into the federal court. The sole question remaining open, therefore, is whether the fact that the alien defendants are joined with the defendants, residents and citizens of the state of Georgia prevents the removal upon their joint petition. A careful examination of the decided cases discovers but one case in which the exact question is presented. In Roberts v. Pac. Ry. & Nav. Co. (C. C.) 104 Fed. 577, plaintiff, a citizen of the state of Washington, sued jointly a corporation, citizen of West Virginia and an alien corporation. The cause was removed into the Circuit Court, and Judge Hanford denied a motion to remand. The question presented is thus stated by him:

"It is asserted that the statute does not confer upon United States Circuit Courts jurisdiction on the ground of diverse citizenship of the parties, where the controversy is between citizens of a state on one side, and a citizen of a different state and an alien on the opposite side."

After citing and discussing the authorities relied upon to sustain the contention against the jurisdiction, he says:

"The true rule applicable to this case was laid down by the Supreme Court, in an opinion by Chief Justice Marshall, in the case of Strawbridge v. Curtiss, 3 Cranch, 267 [2 L. Ed. 435]: To bring a case in which there is more than one plaintiff or defendant within the jurisdiction of a United States Circuit Court on the ground of diversity of citizenship of the parties, 'each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal court; that is, that, when the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts.'"

The refusal to remand was sustained in Roberts v. Pac. & A. Ry. Nav. Co., 121 Fed. 785, 58 C. C. A. 61 (C. C. A. 9th Cir.). Gilbert, Circuit Judge, says:

"It is argued that since the plaintiff in error was a citizen of Washington, and one of the defendants in error was a citizen of West Virginia, and the other an alien, no cause was made for removal under the removal act."

After quoting the opinion expressed in Black's Dillon on Removal of Causes, §§ 66–84, to the contrary, he proceeds to say:

"According to this doctrine, an action brought by a citizen of a state against a citizen of another state, and an alien is not removable, although if two actions had been brought by the same plaintiff, the one against the alien, and the other against the citizen, both would have been removable. * * * It is true that the present case does not present one which is wholly between a citizen and subjects of a foreign state; but can it be said, in view of the fair intendment of the statute, that it is not a case in which there is a controversy between citizens of different states, or a controversy between a citizen of a state and a foreign subject? Considering the purpose of the act and the general scope of its provisions, we think its language should be construed as comprehending the present case. There is here presented a controversy between the plaintiff in error and each of the defendants in error. It is true that the latter are sued jointly, but, notwithstanding that fact, a controversy exists as to each. The act does not declare that the controversy shall be one wholly between citizens of different states."

The conclusion reached, after a discussion of the decided cases, was that the case came within the terms of the statute. · Judge Dillon and Mr. Hughes are of a contrary opinion. The last named, in his very accurate and carefully prepared work on Federal Procedure (2d Ed.) 326, 327, referring to Roberts v. Pac., etc., Co., supra, says:

"Judge Hanford, in a well-considered opinion, holds that such a case would fall within the federal jurisdiction. It seems to the author that, however liberally the removal act ought to be construed, the line of decisions holding that the case does not fall within the jurisdiction of the federal courts best accords with the statute."

He cites Tracy v. Morel (C. C.) 88 Fed. 801. In that case Judge Munger adopts the opinion of Judge Dillon, in which he says:

"It is * * * necessary that all the parties on one side of the case should be citizens of a state or states, and all the parties on the other side aliens. * * * When a plaintiff, citizen of the state where the suit is

brought, sues two defendants, one of whom is a citizen of another state, and the other an alien, * * * the cause is not removable, because it does not come within any of the provisions of the statute. It is casus omissus, etc. It cannot be said to be a controversy 'between citizens of different states,' because one of the parties is not a citizen; and it cannot be described as a controversy 'between citizens of a state and foreign citizens or subjects,' because one of the defendants is not a foreigner."

Judge Munger was of the opinion that "the same rule is stated" in King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60. If this is a correct interpretation of the decision of that case, that is the end of the controversy. Judge Hanford was of the opinion:

"That there is not even a faint hint or suggestion of the idea that the mere joinder of nonresident citizens with aliens as defendants has the effect to deprive all of the defendants of the right of removal which they would have had if sued separately." Roberts Case, supra.

He notes the view of Judge Munger and gives his reasons for not considering it as an authority. The Circuit Court of Appeals (121 Fed. 789, 58 C. C. A. 61) took the same view of the decision of King v. Cornell. There the suit was brought in the Supreme Court of New York, by a citizen of that state against a citizen thereof and an alien. The latter filed the petition for removal, alleging that the controversy was severable. Certainly the decision of the question thus presented could not be decisive of this motion. The Chief Justice placed the decision upon the fact that section 639 of the Revised Statutes, relied on to support the removal, was repealed. After reviewing the legislation on the subject, which it is unnecessary to do more than refer to here, he concludes:

"It follows that the whole of the second subdivision of section 639 was repealed by the act of 1875, and that the cause was not removable on the separate petition of alien."

That was the point decided in that case; the process of reasoning is confined to the effect of the legislation upon that specific subject and casts no light upon that now presented.

I am constrained to conclude that the view of the court in the Roberts Case is a reasonable construction of the statute. Certainly the conclusions reached by Judge Dillon and Mr. Hughes, based upon their construction of the statute, is entitled to great weight. While the status of the parties in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, is, in no respect, similar to that presented here, the discussion by Mr. Justice Miller is helpful. He says that the principle announced in Strawbridge v. Curtiss, supra, has been adhered to and recognized by the courts, and kept in view in the legislation. In Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179, Mr. Justice Field, citing Strawbridge's Case, says that, while the designation of the party entitled to remove (by Act Sept. 24, 1789, c. 20, 1 Stat. 73) is in the singular number, it is "intended to embrace all the persons who are on one side, however numerous, so that each distinct interest must be represented by persons, all of whom are entitled to sue, or are liable to be sued, in the federal courts. In other words, if there are several coplaintiffs, the intention of the act is that each plaintiff must be com-

petent to sue, and, if there are several defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained." The question was presented in that case by an exception to the jurisdiction; the question of removal was not involved. In the case of the Sewing Machine Companies, 18 Wall. 587, 21 L. Ed. 914, Mr. Justice Clifford says:

"Either the nonresident plaintiff (the decision was prior to the act of 1875) or nonresident defendant may remove the cause under the last-named act March 2, 1867, c. 1196, 14 Stat. 558), provided all the plaintiffs, or all the defendants, join in the petitions, and all the parties petitioning are nonresidents," etc.

If, upon this record, the plaintiff may have, in the first instance, invoked the jurisdiction of this court, that the cause of action stated in the complaint being joint, the defendants both being nonresidents and joining in the petition, it would seem that they come within the principle of Strawbridge's Case, supra, and are within the terms of the removal act.

While the question is not free from doubt, and the authorities, so far as they have discussed it, differ, I am of the opinion that the case was properly removed into this court. The motion to remand must therefore be denied.