## KEATING v. PENNSYLVANIA CO.

(District Court, N. D. Ohio, E. D. September 11, 1917.)

### No. 9526.

1. REMOVAL OF CAUSES ⬤⟳12—RIGHT TO REMOVE—ACTIONS BETWEEN CITIZENS.

An action between citizens of different states cannot be removed to the federal court, under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1916, § 1010), unless the court to which removal is sought would have had jurisdiction, under section 51 (section 1033), had the action been instituted therein.

2. REMOVAL OF CAUSES ⬤⟳106—JURISDICTION—WAIVER.

Where an action between citizens of different states is removed to a federal court, which would not have had jurisdiction under Judicial Code, § 51, the objection to the court's want of jurisdiction is waived, whenever the party objecting to removal appears for any purpose, except to object to the jurisdiction over his person.

3. COURTS ⬤⟿90(4)—PRECEDENTS—JUDICIAL CODE.
    While those sections of the Judiciary Act of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552), as amended in 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433), relating to the jurisdiction of federal courts, removal of causes and venue have been to some extent changed in phraseology, the act having been divided into numerous sections by the Judicial Code, the scope of the act was not changed, and decisions under the Judiciary Act have the same effect as if decided under the Judicial Code.

4. REMOVAL OF CAUSES ⬤⟿102—RIGHT OF REMOVAL—JURISDICTION OF FEDERAL COURT—"INHABITANT."
    Judicial Code, § 24 ·(Comp. St. 1916, § 991), declares that District Courts shall have original jurisdiction of suits between citizens of different states, and between citizens of a state and foreign states, citizens, or subjects. Section 28 declares any suits of which the District Courts are given jurisdiction by the Code may be removed by the defendant or defendants therein, being nonresidents of the state where instituted. Section 51 declares that no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on diversity of citizenship suit may be brought in the district of the residence of either plaintiff or defendant. An alien sued defendant, a foreign corporation, in the courts of a state other than that of its domicile. On petition of defendant the cause was removed to the federal District Court. Held that, as plaintiff was an alien, he was not an inhabitant of the state in which suit was instituted, for the word "inhabitant," as used in section 51, is synonymous with "citizen" or "resident," and in its application to corporations refers to the state in which they were chartered, and hence the motion to remand must be denied, though the District Court cannot, in an action between citizens of different states, entertain jurisdiction under petition to remove, where suit could not originally have been brought therein, for suit in this case might have been brought in District Court to which the action was removed; the restrictions not applying because of plaintiff's alienage.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inhabitant.]

At Law. Action by Patrick J. Keating against the Pennsylvania Company, begun in the state court and removed to federal court. On motion to remand. Motion denied.

S. V. McMahon, F. W. Zimmerman, and C. W. Dille, all of Cleveland, Ohio, for plaintiff.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. The plaintiff is an alien subject of the king of Great Britain, and the defendant is a corporation organized and existing under the laws of the state of Pennsylvania, and having its principal office in that state. The defendant is, therefore, a citizen and resident of the state of Pennsylvania. This action was brought in the court of common pleas of Cuyahoga county, Ohio, and on application of the defendant, made in due time, was removed to this court. The plaintiff now appears specially, and moves to remand on the ground that, on the facts above stated, this action could not originally have been brought in this court, and cannot, therefore, be removed here.

The question of law thus raised is one respecting which much difference of opinion exists in the several United States District Courts.

In this forum it has been held, on exactly similar facts, that the action was not removable, and granted a motion to remand. Ivanoff v. Mechanical Rubber Co. (D. C.) 232 Fed. 173.

In other districts decisions have been rendered, holding on these facts that actions cannot be removed to this court. Mahopoulus v. Chicago, etc., Ry. Co. (C. C.) 167 Fed. 165, by District Judge Pollock; Odhner v. Northern Pacific Ry. Co. (C. C.) 188 Fed. 507, by Circuit Judge Coxe, holding the District Court; Sagara v. Chicago, etc., Ry. Co. (C. C.) 189 Fed. 220. by District Judge Lewis. In Louisville & N. R. Co. v. Western Union Tele. Co. (D. C.) 218 Fed. 91, Cochran, District Judge, expresses the opinion that the reasoning of these cases is sound, if Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, on which they were based, is still the law. But he denied the order to remand, because, in his opinion, Ex parte Wisner was decided wrong in the first place, and its authority has since been so far impaired that it is not to be regarded as controlling.

In other districts decisions have been rendered, holding on the same state of facts that such actions are removable. Barlow v. Chicago & N. W. Ry. Co. (C. C.) 164 Fed. 765, by District Judge Reed; also see same case on rehearing by District Judge Reed (C. C.) 172 Fed. 513; Bagenas v. Southern Pac. Co. (C. C.) 180 Fed. 887, by Van Fleet, District Judge; Rones v. Katalla Co. (C. C.) 182 Fed. 946, by Donworth, District Judge; Decker v. Southern Ry. Co. (C. C.) 189 Fed. 225, by Grubb, District Judge; Smellie v. Southern Pac. Co. (D. C.) 197 Fed. 641, by Van Fleet, District Judge.

The conflict between these decisions is irreconcilable. The several judges, rendering the opinions, have answered the same question in two different ways. The reasons supporting the holding that such an action is not removable are best stated in Sagara v. Chicago, etc., Ry. Co., supra. The reasons holding that such an action is removable are best stated in Barlow v. Chicago, etc., Ry. Co., supra, and in Decker v. Southern Ry. Co., supra. Counsel are referred to those cases for a more extended statement of the reasons supporting the different sides of the controversy. After mature reflection, I have reached the conclusion that this action is removable, and my holding will be in accord with the second group of cases above cited, which in my opinion is based on better reasoning.

[1, 2] This conflict of opinion is due to the different views entertained touching the force and effect of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. Prior to that decision, the accepted opinion was that the venue section of the Judicial Code (section 51) did not limit or restrict the right of removal conferred by section 28, but that any action of which a federal court might take jurisdiction under section 24 of the Judicial Code, or under the Judiciary Act of 1887, as amended in 1888, might be removed to the federal courts, even though under the venue section or provisions it might not originally have been brought in the federal court of that district against timely objection of the defendant. Dillon on Removal of Causes, 96; Moon on Removal of Causes, § 65. See, also, Judge Cochran's statement of the prior holdings in 218 Fed. 95. In other words, the venue

provisions of the Judiciary Act of 1887, as amended in 1888, prescribing the district within which a suit might be brought, were not regarded as conferring or withholding jurisdiction, but as conferring on the defendant a privilege respecting only the particular United States court in which he might be required to answer. This limitation was regarded like similar limitations in state Codes, applicable to the county within which a defendant might be served or required to answer.

Under the Judiciary Act of 1887–88, prior to Ex parte Wisner, supra, as under the state Codes, the view entertained and followed was that an appearance, or any act of a defendant thus sued in the wrong forum, other than to appear specially to claim the exemption accorded him, would waive his right to object; but the jurisdiction of the court itself over the subject-matter and cause of action was ample and beyond question. In this apparent state of the law Ex parte Wisner, supra, was decided. This state of the law was developed, it is true, prior to the Judiciary Act of 1887–88. Many decisions had been rendered prior thereto, holding that the act of 1887–88 had as one of its important purposes the limiting of the jurisdiction of the United States courts, but the exact point presented in Ex parte Wisner had not been previously considered by the United States Supreme Court.

This case holds, in brief, that the limitation of the venue provisions of the act of 1887–88, respecting the particular court within which an action must be brought, is jurisdictional in the same sense as the provisions defining the subject-matter of the jurisdiction of the United States courts, and that, therefore, if the action could not, in the first instance, have been brought in the federal court of the particular district to which it was removed, it could not be removed to that court. Mr. Chief Justice Fuller, delivering the opinion, also says that consent of parties could not waive this defect in jurisdiction. The facts were that Wisner, a citizen of Michigan, sued in a state court of Missouri a citizen of Louisiana, and the defendant, by timely application, removed the action to the United States court for the Eastern district of Missouri. The plaintiff thereupon, appearing specially for the purpose, moved to remand, which motion was overruled. An application was thereupon made to the United States Supreme Court for a writ of mandamus to compel the lower court to remand the case, and it was adjudged, as already stated, that the action was not removable, and that it should be remanded.

In the later case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, the same facts were present, except that, after removal from the state court to the United States court, the plaintiff had appeared and filed an amended petition before making his motion to remand. It was held that he had, by this action, waived his privilege of objecting to the further exercise of jurisdiction by the United States court. Ex parte Wisner, in which the opinion had been expressed that the limitations of the venue provisions were jurisdictional in the strict sense and could not be waived, was overruled to this extent.

Several cases had been previously decided, holding that a party might waive the objection that the suit was brought in the wrong district,

and several cases in conformity to In re Moore have since been decided. See Central Trust Company v. McGeorge, 151 U. S. 129, 132, 14 Sup. Ct. 286, 38 L. Ed. 98; Interior Construction Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401; Western Loan Co. v. Butte Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse & Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984. This is now undoubtedly the settled law.

As a result, however, of Ex parte Wisner and In re Moore, and numerous decisions of subordinate United States courts, following and applying the same, it seems to be settled law that an action brought in a state court may not be removed to a United States court, unless it could, in the first instance, have been brought in that court, despite the timely objection of a nonconsenting party, even though, by failure to object after removal, the right so to do is waived, and the United States court may, as a result of such waiver, acquire ample jurisdiction to proceed to final judgment.

[3] In a case in which an alien is a plaintiff or defendant, a different question of law is involved, which is not settled or controlled by the same rules. The Judicial Code does not differ from the Judiciary Act of 1887, as amended in 1888, in the provisions pertinent to a determination of this question. Some changes have been made in the phraseology, and the three sections of the Judiciary Act have been divided into numerous sections in the Judicial Code. For practical purposes, however, it does not seem to me that any change of law was intended, and cases decided under the act of 1887–88 have the same weight as authority as those decided under the Judicial Code. I shall therefore make use only of the sections of the Judicial Code.

[4] Section 24 of the Judicial Code, so far as pertinent to this question, provides, in substance, that District Courts shall have original jurisdiction of all suits (1) between citizens of different states; (2) between citizens of a state and foreign states, citizens, or subjects. The first, therefore, deals with controversies to which citizens of different states of the United States are parties. The second deals with controversies to which citizens of the several states of the United States and citizens or subjects of foreign states, or, in other words, aliens, are parties. Section 28, so far as pertinent to this question, provides, in substance, that any suits of which the District Courts of the United States are given jurisdiction by this title, may be removed by the defendant or defendants therein being nonresidents of the state. The words "this title" relate to the title of the act known as the Judicial Code. Section 51 provides in part as follows:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." Comp. St. 1916, § 1033.

The first clause of the section above quoted requires an action to be brought in the district of which the defendant is an inhabitant. This applies to all actions not based on diversity of citizenship. This privi-

lege of being sued in the district of which he is an inhabitant is one, as we have already seen, which may be waived by the defendant, and is waived whenever, being sued, he appears for any purpose other than to object to jurisdiction over his person. It has also been held, under this part of the section, that "inhabitant" is used synonymously with "citizen" and "resident," in the remainder of the section, and that a corporation is equally an inhabitant and citizen only of the state and district in which it has been incorporated. McCormick v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 445, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Galveston, etc., R. R. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

An alien, however, is not a citizen of any state. He is not, therefore, within the language of the section above quoted. The latter part of the quotation obviously does not apply to him, because he is not a citizen of any state. The first part does not apply to him, because the word "inhabitant," as used therein, is held to be synonymous with the words "citizen of a state," as used in the latter part. If he were an inhabitant of a district, as those words are used in the first part of the section, he would fall within the rule announced in Ex parte Wisner, and this case would be in the same class as all the cases in which it is held that a citizen of another state cannot be brought into a United States court by removal, when he could not originally have been sued in that court, but, not being included within the meaning of this section, he is not entitled to avail himself of the exemption allowed in Ex parte Wisner. This seems to me to be the only logical deduction from the authorities yet to be reviewed.

In Galveston, etc., R. R. Co. v. Gonzales, supra, an alien sued a corporation defendant in a district of which the defendant was not a citizen or an inhabitant. Upon timely objection it was held that the corporation defendant could not be required to answer in the district of which it was not an inhabitant. It was further held that an alien was not within the language of the latter part of the section above quoted, providing that an action might be brought in the district of the residence of the plaintiff. Logically it follows that an alien is not an inhabitant or a resident of any district. The holding, therefore, of Galveston, etc., R. R. Co. v. Gonzales, does not apply when the parties are reversed, and for a like reason Ex parte Wisner has no application. The exact question is: In what district may an alien be sued, for, if the alien plaintiff might have been sued in this court by the nonresident defendant company, then the action is one which might, in the first instance, have been brought here, and may therefore be removed to this court.

This question, it seems to me, is answered by the following cases: In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Wind River Lumber Co. v. Frankfort Marine Ins. Co. (9 C. C. A.) 196 Fed. 340, 116 C. C. A. 160. All these cases explicitly hold that an alien is without the language and purpose of section 51 above quoted, and that he may be sued in any district in which he can be served with

process. This being so, the defendant company might have sued the plaintiff in this court, had it been able to serve him with process in this district. The plaintiff, having brought himself into the district by beginning his action in it, has placed himself in a situation in which process can be served on him. The removal proceedings have the same force and effect as the service of process on him. He does not, therefore, enjoy any privilege of exemption from suit in any other district than that whereof he is an inhabitant. He has no right to claim exemption from being sued in this district. He has no privilege attaching to him, after the removal of this action here, of objecting to the jurisdiction of this court, which belonged to the plaintiff in Ex parte Wisner, supra, and which it has been held, in that and later cases, can be taken from him only by waiver or consent. I am therefore of opinion that this action might have been brought in this court, and may therefore be removed to this court.

Counsel for defendant have cited and rely on In re Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, and In re Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203. In the first case, an alien plaintiff sued a defendant corporation in a district of which the defendant was not an inhabitant, and after removal to the United States court a motion to remand was made, which was denied. An application to the Supreme Court of the United States for a writ of mandamus was thereupon made, which was also denied. It is contended that this is a controlling authority, supporting the conclusion to which I have come. On the other hand, the group of judges who have come to the other conclusion insist, with much plausibility, that the writ of mandamus was denied because, as was afterwards held in Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, mandamus was not an appropriate remedy, because an order refusing to remand a case may be reviewed by writ of error or appeal.

It is difficult to draw any certain inference as to the ground on which In re Tobin was decided. It is, however, worthy of note that In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873, in which a writ of mandamus was granted, ordering a case to be remanded, was decided approximately at the same date as was In re Tobin, and that In re Nicola, supra, was decided later on the authority of In re Tobin. It is, it seems to me, not a strained inference that the doubt as to the propriety of mandamus as a remedy did not arise until after the decision of In re Tobin, and that it is not, therefore, without some weight making in favor of my conclusion.

215 F.—11